*292 OPINION OF THE COURT
Chief Judge Cooke.
Although an indictment that specifies the date and time when an offeiise occurred would be preferred, such precision is not always necessary. An indictment will not be dismissed as defective under CPL 200.50 with respect to the time period alleged for the commission of a crime, if it or, in some instances, the bill of particulars provides a reasonable approximation, under the circumstances of the individual case, of the date or dates involved. Here, the indictment charging that defendant sexually abused two young girls was reasonably precise under the circumstances, notwithstanding that the crimes were alleged to have been committed within a 24-day period.
Defendant was indicted in April, 1981 for rape and sodomy, each in the first degree. The rape charge arose out of defendant’s alleged sexual intercourse with a child who, at the time, was six years old and lived in defendant’s home. The sodomy count was founded on defendant’s asserted deviate sexual intercourse with his daughter, who was then five years old. The indictment averred that both events occurred “during the month of November 1980.”
On May 1,1981, the People served a demand for a notice of alibi. Defendant, in turn, demanded a bill of particulars specifying the exact times, places, and dates of the alleged crimes. The People responded by narrowing the times to “on or about and between Friday, November 7, 1980 and Saturday, November 30, 1980.” The crimes purportedly occurred at defendant’s home. The exact times, however, were stated to be unknown to the People.[1]
Defendant answered the alibi demand by stating that, because the exact dates of the offenses were not set forth, he was unable to determine whether, at the time of the commission of the charged offenses, he was at a place other than the scene of the crimes. He maintained that he would offer an alibi, if such existed, when the exact dates and times of the crimes were specified. On October 24, 1981, defendant moved to dismiss the indictment as defective on *293 the ground that neither the indictment nor the bill of particulars set forth a designated date on or about when each crime occurred, as required by CPL 200.50 (subd 6). This assigned defect, it is contended, deprived defendant of adequate notice guaranteed under the Federal and State Constitutions (US Const, 6th Arndt; NY Const, art I, § 6).
Trial Term granted defendant’s motion, and the Appellate Division affirmed. This court now reverses.
One of the essential functions of an indictment in modern practice is to provide the defendant with sufficient information regarding the nature of the charge and the conduct which underlies the accusation to allow him or her to prepare or conduct a defense (see People v Iannone, 45 NY2d 589, 594, 598; People v Fitzgerald, 45 NY2d 574, 579-580). It serves to satisfy the notice requirements of the Federal and State Constitutions (see People v Iannone, supra, at p 594). To fulfill this purpose, the CPL sets out objective requirements for an indictment by which its sufficiency may be tested (see CPL 200.50). Among other things, it must contain “[a] plain and concise factual statement in each count which * * * asserts facts supporting every element of the offense charged and the defendant’s * * * commission thereof with sufficient precision to clearly apprise the defendant * * * of the conduct which is the subject of the accusation” (CPL 200.50, subd 7, par [a]). Generally, “the indictment need only allege where, when and what the defendant did” (Pitler, NY Crim Prac Under the CPL, § 6.21, p 302). As an attendant function, it should sufficiently identify the alleged crime so that the constitutional prohibition against double jeopardy may be used by a defendant to bar a subsequent prosecution for the same offense (see People v Iannone, supra, at p 594; People v Helmer, 154 NY 596, 600).
Failure to meet the CPL requirements for an indictment may result in dismissal. Not all defects will require such a result, however, inasmuch as the defect may be cured in some circumstances by providing the missing information in the bill of particulars (see People v Iannone, 45 NY2d 589, 597, 598, supra; People v Fitzgerald, 45 NY2d 574, 579-580, supra; People v Bogdanoff, 254 NY 16, 24). This is true when the claimed shortcoming is an indefinitely *294 stated time. Of course, this procedure must not subject a defendant to “actual danger of trial upon a charge upon which he has not been indicted” (People v Bogdanoff, supra, at p 28).
It is also important to note that “the requirements for a valid indictment will vary with the particular crime involved, and what is sufficient to charge [one crime] would be insufficient with respect to many other crimes” (People v Iannone, supra, at p 599). The indictment, or the bill of particulars, must state such specifics “as may be necessary to give the defendant and the court reasonable information as to the nature and character of the crime charged” (People v Bogdanoff, supra, at p 24).
With these general principles in mind, consideration must be given to the information to be included in an indictment under the statute with respect to the interval when a crime allegedly occurred. The explicit language of the statute does not require the exact date and time.[2] Moreover, this provision is stated in the disjunctive: the crime must have been committed “on, or on or about, a designated date, or during a designated period of time” (CPL 200.50, subd 6 [emphasis added]).
No further restrictions appear on the face of the statute regarding whether a single date is mandatory in an indictment for a particular crime or crimes. Nor is there any restriction on the length of the designated period of time which may be stated. Thus, the present indictment, as refined by the bill of particulars, is facially sufficient under the CPL because a “designated period of time” is stated.
This, however, does not conclude the inquiry. As well as measuring the allegations in this particular indictment against the statutory requirements, consideration must be given to whether the period of time, as designated in the accusatory instrument, serves the function of protecting defendant’s constitutional right “to be informed of the nature and cause of the accusation” (US Const, 6th Arndt; *295 NY Const, art I, § 6; see Russell v United States, 369 US 749, 763; People v Iannone, 45 NY2d 589, 594, supra). The notice requirement of the Sixth Amendment is met if in addition to stating the elements of the offense, “the indictment contains such description of the offense charged as will enable [defendant] to make his defense and to plead the judgment in bar of any further prosecution for the same crime” (Rosen v United States, 161 US 29, 34; see Russell v United States, supra, at pp 763-764). In order for a defendant to make his defense “with all reasonable knowledge and ability” and to have “full notice of the charge”, it is important that the indictment “charge the time and place and nature and circumstances of the offense with clearness and certainty” (United States v Cruikshank, 92 US 542, 566; see United States v Weiss, 491 F2d 460, 466; United States v Salazar, 485 F2d 1272,1277). The standard is that of reasonableness; “[reasonable certainty, all will agree, is required in criminal pleading” (United States v Cruikshank, supra, at p 568; see People v Bogdanoff, 254 NY 16, 24, supra). The lack of a precise date is not a fatal defect if it is not a substantive element of the crime (see United States v Antonelli, 439 F2d 1068,1070; People v Jones, 129 App Div 772,. affd 195 NY 547; People ex rel. White v McMann, 8 AD2d 921). When time is not an essential element, the indictment is often permitted to state the time in approximate terms (see United States v Bagaric, 706 F2d 42, 61; United States v Tramunti, 513 F2d 1087, 1113; United States v Salazar, 485 F2d 1272, 1277, supra). The determination of whether sufficient specificity to adequately prepare a defense has been provided to a defendant by the indictment and the bill of particulars must be made on an ad hoc basis by considering all relevant circumstances.
On a motion to dismiss the indictment for failure to sufficiently detail when a crime allegedly occurred (see CPL 210.20, subd 1), significant factors in considering sufficiency are the span of time set forth and the knowledge the People have or shpuld have of the exact date or dates of the crime. Usually, the period should be examined first. It may be that the interval ascribed for a particular crime is so excessive that, on its face, it is unreasonable and dismissal should follow.
*296 If the defendant claims the People knew but purposely failed to allege the most particular date and time possible, the accuracy of the contention and the existence of good cause to withhold such information should be determined either on the moving papers or after a hearing, whichever may be appropriate (see CPL 210.45, subd 3). We need not now comment upon the conditions which might constitute such good cause (cf. People v Matera, 52 Misc 2d 674, 678-679). If defendant’s claims are borne out, without a showing of good cause, the indictment should be dismissed because it is unreasonable for the prosecutor to plead an overinclusive duration of time simply to keep the defendant in ignorance of the actual date or period involved.
A defendant may also contend that the prosecutor is able but has failed to obtain more specific information due to a lack of diligent investigatory efforts. The test for adequacy embraces good faith. Reasonableness and fairness demand that the indictment state the date and time of the offense to the best of the People’s knowledge, after a reasonably thorough investigation has been undertaken to ascertain such information. In evaluating the possibility that a more specific date could have been obtained through diligent efforts, the court might consider, among other things: (1) the age and intelligence of the victim and other witnesses; (2) the surrounding circumstances; and (3) the nature of the offense, including whether it is likely to occur at a specific time or is likely to be discovered immediately.
If it is found that the People have exerted diligent investigatory efforts, the indictment should then be examined to determine whether, under the circumstances, the designated period of time set forth is reasonable. In making this determination, factors to be considered might include but should not be limited to the length of the alleged period of time in relation to the number of individual criminal acts alleged; the passage of time between the alleged period for the crime and defendant’s arrest; the duration between the date of the indictment and the alleged offense; and the ability of the victim or complaining witness to particularize the date and time of the alleged transaction or offense.
In the present case, defendant is alleged to have committed two sexual criminal acts over a 24-day period against *297 victims who were only five and six years old and resided in the defendant’s home. The dates are not material elements of the crimes. It is not disputed that the young victims were unable to provide the precise dates and hours involved. There has been no showing, indication or even accusation of bad faith by the People. Defendant was arrested 12 days after the end of the period set forth and the Grand Jury indicted defendant five months after the acts alleged occurred.
Under the circumstances of this case, the time period in the indictment, as further delineated in the bill of particulars, is not so inadequate as to justify dismissal. Defendant has been informed of the nature of the charges, the conduct underlying them, the place of the crimes, the witnesses present, and the time of the offense, within a reasonably designated period. Defendant has been provided with reasonable and adequate notice under the Federal and State Constitutions and is not prevented from preparing a defense, notwithstanding that it would be easier to prepare an alibi defense if the exact date and time of the offense were known and provided. In addition, the indictment contains such other particularity so as to provide defendant with the means of preventing a subsequent prosecution for the same charge.
Defendant argues that unfairness may develop if, at trial, a more precise date for each crime is discovered and he is then precluded from establishing an alibi because he did not provide notice, or if the trial court does not grant an adjournment to allow the defendant to investigate a possible alibi defense. These questions need not be decided at this time. Such determinations, if required at all, should be made in the sound discretion of the trial judge at the time the issues may arise.
In view of this resolution, there is no need to discuss the People’s contention that the acts charged should be considered a continuing offense.
Accordingly, the order of the Appellate Division should be reversed and the indictment reinstated.
*298 Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Order reversed, etc.

. The bill of particulars further provided that, as to the rape, no witnesses were known, except possibly defendant’s wife. The child rape victim was reported to be a witness to the sodomy.

. Indeed, the predecessor statute, section 280 of the Code of Criminal Procedure, expressly provided that “[t]he precise time at which the crime was committed need not be stated in the indictment; but it may be alleged to have been committed at any time before the finding- thereof, except where the time is a material ingredient in the crime” (L 1881, ch 442, § 280; see, also, Code Grim Pro, § 284, subd 5).