The People of the State of New York, Respondent, v Steven
J. Willette, Appellant.

Third Department, June 13, 1985

**APPEARANCES OF COUNSEL**

*Paul M. Cantwell, Jr.,* for appellant.

*James P. Bessette, District Attorney (Valerie Friedlander* of
counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

Defendant was indicted and charged with three counts of sexual abuse in the first degree based upon allegations that he had sexual contact with a four-year-old girl and a six-year-old boy who were the children of a woman defendant was seeing socially. The woman had been separated from her husband and had custody of the children. Defendant was a frequent overnight visitor at the apartment where she lived with the children. The mother testified that she witnessed defendant attempt to have sexual intercourse with her daughter on two occasions. She also testified that on one occasion she witnessed sexual contact between defendant and her son. The son was allowed to testify as an unsworn witness and, while not being specific, he recalled several instances of sexual contact between defendant and himself. The jury found defendant guilty of the two counts of first degree sexual abuse based on incidents involving the girl and not guilty of the charge based on the incident with the boy.

Defendant had been on probation at the time the crimes were committed. The trial court revoked the probation and sentenced defendant to an indeterminate term of imprisonment of 2⅓ to 7 years. The trial court then sentenced defendant as a second felony offender to indeterminate terms of imprisonment of 3½ to 7 years on each of the sexual abuse counts. All sentences were imposed consecutively. This appeal by defendant ensued.

■ Defendant contends that the indictment was fatally defective since it failed to specify the dates of the alleged crimes and, thus, deprived him of adequate notice. Initially, we note that while defendant did move to dismiss the indictment, the ground for such motion was not inadequate notice. Further, defendant did not renew such motion after the People served a bill of particulars which, while attempting to narrow the time frame, still failed to specify dates. Thus, this issue has not been preserved for our review. However, as we noted in *People v Musolino* (54 AD2d 22, 24-25, *lv denied* 40 NY2d 872, *cert denied* 430 US 935), where an alleged error causes the trial to be at basic variance with the mandate of law, the trial is irreparably tainted and the alleged error can be reviewed as an issue of law (*People v Patterson,* 39 NY2d 288, 295-296, *affd* 432 US 197). Beyond this narrow exception, this court may review an unpreserved allegation of error as a matter of discretion in the interest of justice (CPL 470.15 [6] [a]; *see, People v Cona,* 49 NY2d 26, 33). In our view, where the indictment does contain some time frame for the occurrence of the crime alleged, the failure to

provide an exact date is not the sort of issue which, if it constituted error, would irreparably taint the trial proceedings. Thus, this contention cannot be reviewed as an issue of law pursuant to *People v Patterson (supra)*. However, we choose to review the issue as an exercise of our discretion.

The two counts of the indictment of which defendant was convicted charge that:

"[T]he defendant, during the month of June, 1983, at 20 Helen Street, Saranac Lake, New York, knowingly and unlawfully subjected [the four-year-old girl] to sexual contact * * *

"[T]he defendant, during the month of July, 1983, at 20 Helen Street, Saranac Lake, New York, knowingly and unlawfully subjected [the four-year-old girl] to sexual contact."

In response to defendant's demand, the People supplied a bill of particulars which provided that the acts alleged in both counts took place during the late evening or early morning hours. Defendant contends that the indictment, as amplified by the bill of particulars, did not give him adequate notice of the time when the alleged crimes took place and, as such, deprived him of an opportunity to prepare a defense.

■ Initially, we turn away defendant's contention that CPL 200.50 requires that an indictment include the date of the alleged crime. In our view, the indictment's reference to a specific month for each count along with the narrowing of the time of day provided by the bill of particulars provided sufficient notice to satisfy CPL 200.50 (*see, People v Morris,* 61 NY2d 290, 294).

More troublesome is defendant's contention that, because of the lack of precision regarding the time of the alleged offenses, the indictment failed to serve the function of protecting his constitutional right "to be informed of the nature and cause of the accusation" (US Const 6th Amend; *see,* NY Const, art I, § 6). In *People v Morris (supra),* a case factually similar to the one at bar, the Court of Appeals was faced with much the same issue. The court noted that the purpose of requiring an adequate description of the offense charged is to allow a defendant to make a defense and to ensure that the ultimate judgment provides a bar to further prosecution for the same offense (*supra,* at p 295). Where, as here, time is not an essential element of the offense, the indictment need not state a precise date but may state the time in approximate terms (*supra*). Whether the approximation is sufficient to satisfy the constitutional requirements of an indictment must be determined on an ad hoc basis by considering all relevant circumstances (*supra*). In *Morris,* the

Court of Appeals instructed that in making such determination, the time period stated in the indictment must first be examined to see if it is so excessive on its face that it is unreasonable. If not, it must be determined whether the prosecutor knew of the time with more particularity but intentionally refused to disclose such information, or whether the prosecutor failed to obtain more specific information due to a lack of diligent investigatory efforts. Finally, if no fault can be attributed to the prosecutor, the indictment must be examined to determine whether, under the circumstances, the designated period of time set forth is reasonable.

■ Turning to the instant case, the designation of the time periods of June 1983 and July 1983, amplified by the statement in the bill of particulars that the acts took place in the late evening or early morning hours, is not so excessive on its face as to be unreasonable. Additionally, there is no suggestion that the prosecutor withheld any information. Further, we fail to see how more specific information could have been gleaned through additional investigatory efforts. The only witnesses were the four-year-old victim and the mother. The child could not specify the times and the mother could not be any more precise. Indeed, even at trial, the mother was only a little more precise about the time involved. Finally, it is our view that, considering all of the circumstances, the time period set forth was reasonable. The crimes were alleged to have taken place in June and July 1983, defendant was arrested in late September 1983 and the indictment was handed down on October 31, 1983. In *Morris* (*supra*), the defendant was charged with raping and sodomizing two children, aged five and six, in November 1980. A bill of particulars narrowed the time period to on or about November 7, 1980 to November 30, 1980. The indictment was held to be sufficient. The Appellate Division, Fourth Department, had occasion to apply *Morris* to a situation where a defendant was charged with molesting a 14-year-old girl on several occasions (*People v Benjamin R.,* 103 AD2d 663). The time periods for the various charges set forth in the indictment were two weeks and one month. The court found that the indictment was not defective. The Appellate Division, Second Department, in a case involving a continuing bribery scheme, held that under the standard set forth in *Morris,* a time period of 19 months did not make the indictment defective (*People v Cassiliano,* 103 AD2d 806).

While the failure of the instant indictment to specify the time periods with more particularity may have made the defense of this case more difficult (*see, People v Morris, supra,* p 297), it did

not violate defendant's Federal and State constitutional rights to be informed of the nature and cause of the accusation.

We have considered the remaining arguments advanced by defendant and find them to be without merit.

MAIN, MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment affirmed.