■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERALDO CLARKE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Spodek, J.), rendered June 2, 1982, convicting him of grand larceny in the third degree (six counts), and scheme to defraud in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Although the two tape recordings which were introduced into evidence at the defendant's trial were, to a large extent, inaudible or unintelligible, a new trial is not warranted on this ground. Generally, the danger involved in allowing the jury to hear substantially inaudible recordings is that it might speculate about the contents of those portions which cannot be heard or understood (see, People v Mincey, 64 AD2d 615; People v Sacchitella, 31 AD2d 180). However, in the instant case, the court clearly and explicitly instructed the jury immediately before the first time the recordings were played in court not to assume anything or engage in speculation. Additionally, during deliberations, after the jury requested to hear the tapes again, the court admonished the jury as to the appropriate weight to be given this evidence.

Moreover, as the People correctly contend, the defendant's guilt or innocence of grand larceny in the third degree with respect to the complainant who made the tape recordings did not turn exclusively upon the contents of the tapes. There was ample testimony by that complainant that the defendant misrepresented himself as an attorney for the Immigration and Naturalization Service and falsely promised to obtain a "green card" for her so that she could become a permanent resident of the United States. The taped conversations related solely to that complainant's demand for the return of the $647 she allegedly paid the defendant for his services. While these tapes were clearly probative of the defendant's guilt in that they supported the People's position at the trial and negated that of the defense, the prejudice to the defendant resulting from the admission of the evidence was minimal (cf. People v Sacchitella, supra).

While the seventh count of the indictment, charging the defendant with scheme to defraud in the second degree, stated that he "engaged in conduct with intent to defraud one or more persons" instead of "more than one person" (Penal Law § 190.60 [1]), the defendant was, nevertheless, adequately apprised of the nature of the offense with which he was charged and was clearly able to prepare and present a defense to that charge. Thus, no prejudice accrued to him and dismissal of that count is not warranted under the circumstances (see, People v Morris, 61 NY2d 290).

The defendant has raised several other contentions, most of which concern the sufficiency or accuracy of the court's charge to the jury. This court does look with disfavor upon the

"wavering minds", "even scales" and "heinous crimes" aspects of the charge. However, none of these and other alleged errors has been preserved for appellate review *(see, People v Dee,* 106 AD2d 582; CPL 470.05 [2]), and the defendant has failed to set forth any circumstances that would warrant the exercise of our interest of justice jurisdiction to review the issues raised. Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.