OPINION OF THE COURT
Anne G. Feldman, J.
After a jury trial defendant was convicted on 12 counts of sodomy in the first degree (Penal Law § 130.50).
Before trial defendant, appearing pro se, moved to dismiss the indictment for: (1) failure to join the crimes charged therein with those previously prosecuted under indictment No. 502/85, and (2) failure to state with sufficient specificity the dates of the alleged offenses. In addition, he argued both before and during trial — through counsel[1] — that the charges were fatally duplicitous. This opinion further explains the grounds upon which I previously denied these motions.
Under the earlier indictment (502/85) defendant was con *896 victed of 11 counts charging sodomy in the first degree (Penal Law § 130.50); one count of rape in the first degree (Penal Law § 130.35); one count of rape in the second degree (Penal Law § 130.30), and one count of sodomy in the second degree (Penal Law § 130.45). In that case defendant and his wife, JoAnn Tulko, were charged with sexually abusing four pseudonymous foster children during several designated periods between March 1982 and December 1984. Specifically, five counts alleged separate acts of sodomy or sexual abuse against two of the children during their residence with defendant and his wife between March and May 1982; 12 counts involved similar criminal acts during these same children’s occasional visits to defendant’s home between June 1983 and December 1984; and 18 other counts alleged sexual abuse of two other foster children between August and mid-December 1984.
The bulk — some 98 counts — of the instant indictment alleges that between March 1981 and December 1984, defendant alone, or in concert with his wife, sexually abused Allyson Tulko — his wife’s daughter by a previous marriage. The last 32 counts, dismissed prior to trial on the District Attorney’s motion, allege sexual abuse of Allyson Tulko’s infant half sister, Mary Ellen Coveney, in November 1984.
Indictment No. 502/85 was filed in February 1985; defendant was convicted thereunder on May 1, 1986 (Cohen, J.). The instant indictment was filed on May 5, 1986. Defendant’s wife pleaded guilty to each indictment on separate occasions.
I. NECESSITY FOR JOINDER
Defendant argues that trial upon this indictment is barred pursuant to CPL 40.40,[2] 3which provides in relevant part: "1. Where two or more offenses are joinable in a single accusatory instrument against a person by reason of being based upon the same criminal transaction, pursuant to paragraph (a) of subdivision two of section 200.20,[3] such person *897 may not, under circumstances prescribed in this section, be separately prosecuted for such offenses even though such separate prosecutions are not otherwise barred by any other section of this article.” (Emphasis supplied.)
Clearly the Criminal Procedure Law does not mandate the joinder of the instant offenses with those tried under the earlier indictment: at least half of the crimes charged are remote in time and "circumstances of commission” from those alleged in indictment No. 502/85. The complainants in the two cases were abused on different occasions; the crimes alleged against each child are independent of one another; neither was a necessary predicate or corollary to the other’s commission.* **[4]
II. INADEQUATE SPECIFICITY OF COUNTS
Defendant contends that because each sodomy and sexual abuse count alleges one such act within a two-month period the indictment is insufficiently specific and therefore totally defective.
CPL 200.50 (6) provides that an indictment must allege commission of an offense "during a designated period of time”. The permissible length of that period is not designated. Of *898 course, an indictment "must provide the accused with fair notice of the nature of the charges against him, and of the manner, time and place of the conduct underlying the accusations, so as to enable him to answer to the charges and to prepare an adequate defense” (People v Keindl, 68 NY2d 410, 416; People v Morris, 61 NY2d 290, 295; People v Iannone, 45 NY2d 589, 594 [1978]).
Where, as here, the time or date is not an essential element of the charged offense, a claim of inadequate specificity is determined "on an ad hoc basis by considering all relevant circumstances” (People v Morris, supra, at 295). Among the factors to be weighed are "the span of time set forth and the knowledge the People have or should have of the exact date or dates of the crime”; "the age and intelligence of the victim and other witnesses”, and "the nature of the offense, including whether it is likely to occur at a specific time or is likely to be discovered immediately.” (People v Morris, supra, at 295-296). The standard is one of reasonableness; " '[Reasonable certainty, all will agree, is required in criminal pleading’ ” (People v Morris, supra, at 295).
Defendant’s claim that the prosecution deliberately failed to allege the dates with more specificity is groundless. Allyson Tulko testified that she could recall no specific dates when she was sexually abused, except for one such occurrence at or near the time of JoAnn Tulko’s hospitalization for the birth of Mary Coveney. Indeed, she testified before the Grand Jury that defendant sexually abused her approximately once a month and because she was unable to state that any offense occurred within any one calendar month, the Grand Jury properly designated a two-month period for each act.[5]
In the instant case, Allyson Tulko told no one about the sexual abuse she had endured until more than four years after its first occurrence. She explained this delay by articulating her fear that as a cerebral palsy victim, confined to a *899 wheelchair, she would be homeless and subject to institutionalization if she were to incriminate her parents.
Responding to defendant’s argument that he was prejudiced in preparing a defense because of the two-month "designated time period”, the court indicated prior to trial that it would waive prior alibi notice requirements and permit such evidence regarding any dates within the designated periods.[6]
Considering Allyson Tulko’s age and physical handicap, the continuous and long-term nature of the abuse inflicted upon her and the substantial lapse of time before she reported it to the prosecuting authorities, the two-month period designated in each count is "reasonably” specific.
III. THE ALLEGED DUPLICITY OF COUNTS
Throughout the trial defendant contended that the prosecution of these counts was fatally duplicitous in light of the recent Court of Appeals holding in People v Keindl (68 NY2d 410, supra). In Keindl, the court found sodomy counts duplicitous because the bill of particulars, voluntary disclosure forms and trial testimony all made clear that defendant was charged with committing numerous separate sexual crimes within the time period designated in each count.
Here, although Allyson had told both the social worker and the District Attorney’s ofiice that she was sexually abused several times each week, her Grand Jury testimony and the indictment alleged only one offense in each count.
To avoid violating the Keindl holding, the Assistant District Attorney explicitly advised the court and defense counsel prior to trial that on direct examination Allyson would testify to a single instance of sexual abuse within each designated two-month period. The court advised the defense counsel that if he did place before the jury Allyson’s prior statements indicating more frequent instances of sexual abuse, the jury would be instructed that these statements could be considered only for impeachment purposes and not as evidence-in-chief. On cross-examination, defendant’s counsel did pursue this line *900 of inquiry, eliciting from Allyson testimony that the abuse had occurred considerably more frequently than once during each designated period; and as promised, in its charge the court instructed the jury that this testimony was relevant only for assessing Allyson’s credibility.
Nevertheless, at the close of trial defense counsel moved for dismissal, arguing that in light of Allyson’s admissions, it would be impossible to determine from a jury verdict whether conviction on any count reflected the jury’s unanimous finding that any one incident had been proven.
To accept this interpretation of Keindl (supra) would allow a defendant, guilty of numerous sexual offenses against the same victim, to effectively torpedo the prosecution’s case by eliciting from the victim admissions that the acts complained of had occurred more than once within a designated period. Clearly Keindl does not mandate such a result.

. Immediately preceding the scheduled trial date defendant elected to be formally represented by the counsel previously appointed as his adviser.

. Because the respective indictments allege crimes against different victims, there is no constitutional or statutory double jeopardy bar to this prosecution (CPL 40.20, 40.10 [1]).

. CPL 200.20 allows two offenses to be joined in one indictment when "[t]hey are based upon the same act” or upon the "same criminal transaction” (CPL 200.20 [2] [a]), as that term is defined in CPL 40.10 (2).
CPL 40.10 (2) defines a "criminal transaction” as conduct constituting at least one offense, comprised of two or more acts or a group of acts either (a) so closely related and connected in point of time and circumstances of commission as to constitute a single criminal incident, or (b) so closely *897 related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture.
Since each act of sodomy or sexual abuse is a separate offense, the offenses alleged in the two indictments are not susceptible to a continuous crime theory (People v Keindl, 68 NY2d 410).

. Even if the offenses charged here could properly have been joined under one indictment, the statute prohibits separate prosecutions only " 'under circumstances wherein no violation of the double jeopardy principle can validly be maintained but the equities nevertheless seem to preclude separate prosecutions’ ” (People v Lindsly, 99 AD2d 99, 101-102 [2d Dept 1984], quoting People v Dean, 56 AD2d 242, 246 [4th Dept 1977], affd 45 NY2d 651 [1978]).
It is apparent from both the prosecution’s pretrial representations and the trial testimony that Allyson Tulko’s first disclosure of the information that resulted in this indictment was in June 1985. She did not speak to the District Attorney until January 1986, and finally testified before the Grand Jury on March 25 of that year, less than four weeks before the commencement of trial upon indictment No. 502/85. The present indictment which was based on her allegations was not filed until May 5, almost a week after the first trial ended.
In any trial involving child witnesses there is a special need for prompt commencement, especially where the criminal acts allegedly occurred several years earlier. Thus, the failure to delay the start of the first trial in order to permit consolidation with the charges herein violates no concept of fairness or equity.

. Where the sexual abuse was reported and/or the indictments secured within months of the alleged incidents, appellate courts have already sanctioned "designated periods” of up to one month (People v Morris, 61 NY2d 290 [designated period of 24 days adequate where five- and six-year-old complainants reported incidents within a month]; People v Willette, 109 AD2d 112, 114 [3d Dept 1985] [one-month designation sufficient where defendant indicted five months after the first of two incidents, and eyewitnesses were the four-year-old complainant and his mother]; People v Benjamin R., 103 AD2d 663 [4th Dept 1984] [two-week period sufficient where the 14-year-old complainant reported the acts within two months of their occurrence]).

. To discredit Allyson Tulko’s recollection that defendant had sexually assaulted her on the night her half sister was born, defendant called a witness who testified on direct examination that he was with defendant at the hospital on the night Mary Ellen Coveney was born. However, on cross-examination the witness recalled the baby had not been horn that night and that in the early morning hours he had driven defendant and JoAnn Tulko home.