■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FORREST JONES, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered October 4, 1984, upon a verdict convicting defendant of the crimes of rape in the second degree (two counts), sexual abuse in the second degree and incest (three counts).

Defendant was indicted on May 17, 1984 and charged with three counts of second degree rape and three counts of incest, based on allegations that on two occasions he raped one of his daughters who was then 12 years old and on one occasion he raped another of his daughters who was then 11 years old. After a trial, a jury found defendant guilty of two counts of second degree rape, one count of second degree sexual abuse and three counts of incest. Defendant appeals.

Initially, defendant claims that the indictment was not sufficiently precise in setting forth the dates when two of the occurrences took place.[1] The indictment alleged that the first incident took place "on or about April 23rd, 1984". However, the time of the second incident is alleged to have been "from August 1st, 1983 through September 15th, 1983" and the third incident was alleged to have occurred "from July 1st, 1983 through September 15th, 1983". CPL 200.50 (6) does not require that an exact date be set forth for each count of the indictment *(People v Morris,* 61 NY2d 290, 294). Since the indictment specifies a period of time, the statute was complied with. More relevant is defendant's constitutional right "to be informed of the nature and cause of the accusation" (US Const 6th Amend; *see,* NY Const, art I, § 6). The crucial issue is whether the time of the alleged crime was charged with sufficient specificity that defendant could answer the charges and prepare an adequate defense *(see, People v Keindl,* 68 NY2d 410, 416). In the instant case, due to the ages of the victims and the nature of the acts, it is understandable that the dates could not be specified with exactitude. In cases involving similar crimes, courts have found indictments which

1. Defendant moved prior to trial to dismiss the indictment on this ground, thereby preserving the issue for our review *(see, People v Willette,* 109 AD2d 112, 113).

charge the time of the occurrence in much the same manner as the instant indictment to be valid (see, People v Morris, supra; People v Willette, 109 AD2d 112; People v Benjamin R., 103 AD2d 663). In our view, the time periods set forth in the instant indictment are sufficient to inform defendant of the nature of the charges and permit him to prepare a defense.

Next, defendant contends that there was insufficient corroborative evidence to support two of the counts. The statute in effect at the time required corroborative evidence for sex offenses where lack of consent is an element but results solely from the victim's incapacity to consent because of age (Penal Law former § 130.16).[2] Thus, corroborative evidence was required for the charges of second degree rape. Corroborative evidence was not needed for the counts charging incest (Penal Law § 255.30 [2]). The two counts at issue charge second degree rape. Regarding the second count, defendant's 11-year-old daughter testified that defendant took her underneath the trailer in which the family was living and compelled her to engage in sexual intercourse with him. Defendant's 12-year-old daughter testified that she saw defendant and the victim go under the trailer and later emerge separately. Turning to the third count, defendant's 12-year-old daughter testified that, while she and defendant were in a horse trailer at a farm near their home, defendant compelled her to engage in sexual intercourse with him. Defendant's 10-year-old son testified that he was present and witnessed the act.

Penal Law former § 130.16 required corroborative evidence tending to "[e]stablish that an attempt was made to engage the alleged victim in sexual intercourse * * * or sexual contact * * * [and] [c]onnect the defendant with the commission of the offense" (Penal Law former § 130.16 [a], [b]). The corroborative evidence need not be the quantum necessary to convict, but simply must harmonize with the victim's testimony so as to provide the necessary connection between the crime and the defendant (see, People v Keindl, 117 AD2d 679, mod on other grounds 68 NY2d 410, supra). Regarding the third count, therefore, the testimony of defendant's son is sufficient corroborative evidence since it tends to establish both that an attempt at sexual intercourse was made and that it was defendant who made the attempt. Turning to the second count, the indictment charged second degree rape. The jury acquitted defendant of that charge and found him guilty of second degree sexual abuse which was charged to it as a lesser

2. This requirement has since been eliminated (L 1984, ch 89).

included offense.[3] Under the statute as it then existed, a conviction of sexual abuse based on the circumstances presented here would also require corroboration. Clearly, the corroborative evidence offered on this count was insufficient. While the 12-year-old daughter's testimony would tend to connect defendant to the crime about which the victim testified, there is no corroborating evidence which would tend to establish that an attempt at sexual intercourse or sexual contact was made. Corroborative evidence on both points was essential *(People v Fuller,* 66 AD2d 27, 30, *affd* 50 NY2d 628; *see, People v Pepper,* 59 NY2d 353). Thus, the conviction of second degree sexual abuse must be set aside.

We have considered defendant's exceptions to several of County Court's evidentiary rulings and find them to be without merit.

Judgment modified, on the law, by reversing so much thereof as convicted defendant of the crime of sexual abuse in the second degree; second count of the indictment dismissed; and, as so modified, affirmed. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.

---

**3.** Second degree sexual abuse should not have been charged since it is *not* a lesser included offense of second degree rape *(see, People v Wheeler,* 67 NY2d 960). This issue was not raised at trial, nor has it been urged on appeal. However, since we are reversing the conviction as to this count, we need not consider whether to pass on the issue in the interest of justice.