THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR COSTA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered November 15, 1988, convicting him of endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

During trial the court issued over objection an order pursuant to CPL article 65 which permitted the alleged victim, then four years old, to testify by use of live two-way closed-circuit television. The court based its determination that the child was a vulnerable witness (CPL 65.00 [2]), who would suffer severe mental or emotional harm if required to continue his testimony in open court in the presence of the defendant, solely on its own observations of the child during the course of his testimony and during an in camera conference conducted after the child began to cry on the witness stand. In response to questions posed by the prosecutor, the child indicated that he did not like being in the courtroom and he was frightened because there were too many people there. The court further noted, on the record, that the child clung to his grandmother and was reluctant to answer questions concerning the acts of the defendant. No witnesses were called to provide evidence that the child's continued testimony in open court would likely cause him to suffer severe emotional and mental harm.

We find that the court's determination of vulnerability was premised upon an insufficient basis and, thus, CPL article 65 as applied to the instant case resulted in a violation of the defendant's State and Federal confrontation rights (NY Const, art I, § 6; US Const 6th, 14th Amends). The Court of Appeals held in *People v Cintron* (75 NY2d 249) that even when an application is made during the trial pursuant to CPL 65.20 (10) the determination of vulnerability must be supported by the same findings by clear and convincing evidence (CPL 65.10 [1]) as required on a pretrial motion pursuant to CPL 65.20 (1). The Court of Appeals stressed that the "severe mental or emotional harm" likely to be suffered by the child if not permitted to testify over live, two-way closed-circuit television must be the "result of extraordinary circumstances" *(People v Cintron, supra,* at 262). While at bar the court's impressions of the child's emotional condition were certainly relevant to a determination of vulnerability *(see, People v Cintron, supra,* at 265), standing alone they failed to meet the high threshold requirement of the statute necessary to protect against the infringement of the defendant's confrontation rights *(see also, People v Henderson,* 156 AD2d 92 [decided herewith]). Moreover, the error in permitting the child to testify through the use of two-way closed-circuit television was not harmless beyond a reasonable doubt *(see, People v Cintron, supra,* at 266-267; *People v Crimmins,* 36 NY2d 230, 237; *People v Henderson, supra).*

Contrary to the defendant's contention, we find the indictment, when coupled with the bill of particulars, sufficiently apprised the defendant of the charges against him *(see, People v Morris,* 61 NY2d 290; *People v Iannone,* 45 NY2d 589; *People v Bogdanoff,* 254 NY 16).

In light of our determination, we do not address the defendant's remaining contentions. Thompson, J. P., Brown, Eiber and Harwood, JJ., concur.