■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE NICHOLS, Appellant. [597 NYS2d 719] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered November 17, 1988, convicting him of attempted robbery in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of attempted robbery in the first degree at one location, 60 Carlton Avenue in Brooklyn, and of criminal possession of a weapon in the third degree at another location, 84 Carlton Avenue in Brooklyn, about an hour later. Both crimes occurred on December 5, 1987. The court sentenced the defendant to consecutive terms of imprisonment for these two distinct criminal acts.

The defendant argues on appeal that he was not given fair notice of the charges against him. Specifically, he contends that the count charging him with criminal possession of a weapon in the third degree is duplicitous, thus failing to give him adequate notice of the charge, because that crime is a continuous act, rather than a separate and distinct one. The defendant supports his argument by emphasizing that the indictment did not specify separate addresses for the attempted robbery in the first degree and criminal possession of a weapon in the third degree.

It is well established that a primary purpose of the indictment is to provide the accused with fair notice of the nature of the charges, and of the manner, time, and place of the conduct underlying the accusations, so as to enable the defendant to prepare or conduct an adequate defense *(see, People v Keindl,* 68 NY2d 410, 416; *People v Morris,* 61 NY2d 290, 293; *People v Iannone,* 45 NY2d 589, 594; *People v Bogdanoff,* 254 NY 16, 23). An equally important function of the indictment is to identify the alleged crimes with sufficient specificity so as to enable a convicted defendant to raise the constitutional prohibition of double jeopardy against subsequent prosecutions

for the same offense *(see, People v Keindl, supra,* at 46; *People v Morris, supra,* at 293; *People v Iannone, supra,* at 595; *People v Helmer,* 154 NY 596, 600).

Consistent with the case law, the statutory law specifies, among other things, that an indictment must contain a separate accusation or count addressed to each offense charged, if there is more than one, and a plain and concise factual statement in each count which asserts facts supporting every element of the offense charged and defendant's commission thereof *(see,* CPL 200.30 [1]; 200.50 [3], [7]). This prohibition against duplicity furthers the functions of notice to a defendant and ensures against double jeopardy, as well as assures the reliability of the unanimous verdict *(see, People v Keindl, supra,* at 418; *People v MacAfee,* 76 AD2d 157, 159-160).

The courts have held that the foregoing objectives may be equally well served by a bill of particulars that supplements the indictment and supplies any missing information necessary to provide the requisite certainty as to the manner, time, and place of the crime *(see, People v Morris, supra,* at 293-294; *People v Iannone, supra,* at 597, 598; *People v Fitzgerald,* 45 NY2d 574, 579-580). Additionally, pursuant to CPL 200.70, the trial court is authorized to permit the amendment of an indictment, at any time before or during trial, with respect to defects, errors, or variances from the proof relating to matters of form, time, place, names of persons and the like, provided that the proposed amendment does not change the theory of the prosecution or otherwise serve to prejudice the defendant on the merits *(see, e.g., People v Del Pilar,* 177 AD2d 642, 643; *People v Johnson,* 163 AD2d 613; *People v Casdia,* 163 AD2d 604, *affd* 78 NY2d 1024; *People v Goodman,* 156 AD2d 713).

In the present case, it is clear that the defendant was provided with sufficient notice of the charges against him. A prior indictment, supplemented with a bill of particulars that specified separate addresses for the relevant crimes, was dismissed and the defendant was reindicted. The original bill of particulars was, however, equally applicable to the second indictment, however. In addition, the defendant could have requested another bill of particulars, if the first was unsatisfactory to him. Besides the bill of particulars, which indicated that the defendant was being charged with both attempted robbery and criminal possession of a weapon in the third degree at different times and places, the prosecutor's opening remarks and the testimony during trial left no doubt that the weapons possession charge was limited to one specific location. Finally, the court instructed the jury that the weapons posses-

sion charge referred only to the events surrounding the defendant's arrest at 84 Carlton Avenue.

Considering that the defendant was properly convicted of two distinct criminal acts, his argument that the court erred in imposing consecutive sentences must fail *(see, People v Braithwaite,* 63 NY2d 839, 843). That is also true because criminal possession of a weapon in the third degree is not a lesser included offense of attempted robbery *(cf.,* Penal Law § 70.25 [2]; *People v Jeter,* 163 AD2d 421, *affd* 80 NY2d 818).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.