*950
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 . Defendant was convicted of various criminal sexual acts involving infants at the day care center where he worked and lived. The Appellate Division dismissed the indictments, with leave to resubmit, concluding the time intervals specified for each criminal act were per se excessive (179 AD2d 697). The People appealed to this Court, limiting the appeal to the four counts of rape and two counts of sodomy committed during the five-month period between August 1, 1984 and December 31, 1984 involving the infant N.B. We held that a per se bar should not be applied
 
 (see,
 
 81 NY2d 772), and remitted the matter to the Appellate Division to reconsider its decision under the standard set forth in
 
 People v Morris
 
 (61 NY2d 290).
 

 In determining whether the
 
 Morris
 
 standard has been met, the relevant inquiries are whether (1) the People acted diligently to institute the criminal proceedings and (2) the period in the indictment, as particularized by the bill of particulars, provided reasonable notice to defendant. The determination of excessiveness must be made on an ad hoc basis after considering all the factual circumstances, but in
 
 Morris
 
 we set forth a number of nonexclusive criteria which could be considered. It is clear, however, that if the time period charged is so large that it is "virtually impossible” for the defendant to prepare a defense, the indictment must be dismissed "even though the People have acted diligently and a shorter time period cannot be alleged”
 
 (People v Beauchamp,
 
 74 NY2d 639, 641).
 

 Contrary to defendant’s contention on this appeal, the Appellate Division did not confine itself to examining the People’s diligence in bringing the prosecution but also considered whether the defendant received reasonable notice under the circumstances. In considering the second part of the
 
 Morris
 
 analysis it noted that (1) the indictment charged defendant with 10 criminal acts involving N.B. over a five-month period, (2) although the acts involving N.B. terminated in December 1984, defendant’s unlawful conduct continued with respect to other children until he was arrested on May 3, 1985, (3) the first indictment in this complex and multicount prosecution was handed down two and one-half months after the arrest and (4) the complainant N.B. was unable to further particularize the offenses. In this latter respect, the Court pointed out that N.B. was eight years old at the time of the
 
 *951
 
 alleged abuse; the abuse took place in a location where she went on a daily basis, as part of a daily routine interrupted only by school holidays and with the same staff and children present; and that she exhibited serious physical and emotional trauma. The Court concluded that under the circumstances, she could not particularize the exact dates of the allegedly abusive acts
 
 (see, People v Morris, supra,
 
 at 296).
 

 We agree with the Appellate Division that under the circumstances this five-month period was a reasonable period of time for defendant to address in preparing his defense. Moreover, as the Appellate Division noted, defendant lived and worked in the day care center; he was always there. Thus, any potential alibi defense he might have advanced was far less meaningful.
 

 Two elements in the Appellate Division’s analysis require comment. First, it was established that the older children, including N.B., had been threatened by the defendants and told that their parents would be killed if they revealed the abuse, and that this was a major factor in the children’s not having revealed it sooner. Indeed, the first indication of what was going on at the day care center came from the complaints of a three year old, and the defendants were arrested the next day. The Appellate Division concluded that the threats kept N.B. and the other older children quiet, and that this was a factor to be weighed in determining the reasonableness of the time interval between the dates of the charged crimes and the eventual indictment. The Court then went on to say "[cJLearly, the defendant should not be heard to complain that he was deprived of adequate notice of the charges when his own conduct directly led to the impossibility of the People fulfilling their obligation to provide him with the most precise notice possible under the circumstances.” (192 AD2d, at 71.) Insofar as the Court’s statements can be read as lightening the People’s statutory burden, it is incorrect.
 

 Furthermore, though decisions from foreign jurisdictions could be considered by the Appellate Division, the time frames approved by them are of limited relevance in New York cases.
 

 Defendant also challenges the court’s determination during trial that N.B. was a vulnerable witness and could be allowed to testify via two-way closed circuit television
 
 (see,
 
 CPL 65.10). Insofar as defendant maintains the court was obligated to hold a hearing and failed to do so, that objection is unpreserved. Insofar as the defendant challenges the ruling,
 
 *952
 
 the court’s finding of vulnerability is supported by its questioning and observation of the infant, by the testimony of a social worker and her report to the court.
 

 We have examined defendant’s remaining contention and find it to be without merit.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.