■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD R. CARNEY, Appellant. [636 NYS2d 524] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court's Sandoval ruling was erroneous. We disagree. The court properly permitted defendant to be impeached with four of his 10 prior convictions (see, People v Walker, 83 NY2d 455, 459; People v Pavao, 59 NY2d 282, 292; People v Patterson, 88 AD2d 694, affd 59 NY2d 794). The court properly balanced the appropriate factors in determining that the probative value of the four convictions, all of which demonstrate the willingness of defendant to place his interests above those of society, outweighed their prejudicial effect (see, People v Sandoval, 34 NY2d 371, 374-375).

The repeated remarks of the prosecutor in his opening statement that defense counsel's role was to confuse the jury and to confuse the witnesses by cross-examination were clearly improper. Any prejudice to defendant, however, was cured by the prompt admonition of the court that it disapproved of the prosecutor's characterization and its appropriate explanation of the proper role of defense counsel (see, People v Plant, 138 AD2d 968, lv denied 71 NY2d 1031). The reading by the prosecutor in his opening statement of the dictionary definition of "pedophile" was also improper, but did not deprive defendant of a fair trial in light of the court's instruction to the jury that "pedophile is not a legal definition" and that the indictment contained no such word. Defendant's contention regarding the prosecutor's statements on summation is not preserved for review (see, CPL 470.05 [2]), and we decline to exercise our power to address that contention as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]).

The court did not abuse its discretion in permitting a pedia-

trician with training and experience in evaluating and treating children for physical and sexual abuse to testify as an expert *(see, People v Keindl,* 68 NY2d 410, 422-423, *rearg denied* 69 NY2d 823). The discrepancies between the times and dates in the indictment, as supplemented by the People's bill of particulars and the young victims' testimony at trial, do not require reversal. An exact date or time need not be set forth for each count in an indictment *(see,* CPL 200.50 [6]; *People v Morris,* 61 NY2d 290, 294). In determining whether the time frame in the indictment is reasonable, the court must consider the knowledge that the People have or should have of the exact dates of the crime and "among other things: (1) the age and intelligence of the victim and other witnesses; (2) the surrounding circumstances; and (3) the nature of the offense, including whether it is likely to occur at a specific time or is likely to be discovered immediately" *(People v Morris, supra,* at 296; *see, People v Keindl, supra,* at 419). The discrepancies between the indictment and bill of particulars and the testimony at trial did not hamper defendant's ability to present a defense and are excusable, especially considering the victims' ages and the nature of the crime *(see, People v Keindl, supra; People v Morris, supra; People v Barrett,* 166 AD2d 657, 658, *lv denied* 77 NY2d 875; *People v Piasta,* 136 AD2d 887, *lv denied* 71 NY2d 1031; *People v Jones,* 133 AD2d 972, 973, *lv denied* 70 NY2d 956). The contention that defendant was unable to prepare an alibi defense because of the discrepancy between the time of one incident as set forth in the People's bill of particulars and the victim's testimony at trial is without merit. The court offered defendant a continuance "to get any alibi witness", but defendant failed to take advantage of the offer.

Finally, the court properly refused to permit defendant to cross-examine a witness concerning collateral matters *(see, People v Pavao, supra,* at 288-289; *People v Schwartzman,* 24 NY2d 241, 245-246, *mot to amend remittitur granted* 24 NY2d 914, *rearg denied* 24 NY2d 916, *cert denied* 396 US 846). (Appeal from Judgment of Livingston County Court, Cicoria, J.—Sexual Abuse, 1st Degree.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.