■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD M. FISH, Appellant. [659 NYS2d 120] —Mikoll, J. P. Appeal from a judgment of the County Court of Schuyler County (Callanan, Sr., J.), rendered October 20, 1995, upon a verdict convicting defendant of the crimes of rape in the second degree (five counts) and sodomy in the second degree (two counts).

In July 1994, April M., then 12 years of age, and her brother came to live as foster children with their aunt Deanna Fish and her husband, defendant. In February 1995, April told Fish that defendant had been having sexual intercourse and oral sex with her and her 10-year-old sister, Amy M., who resided with another foster family but visited with April on weekends. The children had been removed from their mother's home after it was learned that Amy had been having sex regularly with the 24-year-old brother of her mother's boyfriend at her mother's home, with her mother's knowledge. When Fish confronted defendant with April's allegations he reportedly cried, put his head in his hand and went to his mother's home. Fish called the police and Sergeant William Preston of the Schuyler County Sheriff's Department investigated. Preston talked to Fish and interviewed Amy and April. April initially

---

recanted the allegations but subsequently confirmed that she and Amy had been sexually abused.

Preston met with defendant in the Sheriff's office and obtained a signed waiver of rights from him and two confessions. In the first statement, defendant admitted that he had sexual intercourse and oral sex with Amy on February 10, 1995. In the second statement, he admitted to sexual intercourse with Amy less than three other times, and to sexual intercourse with April less than 10 times and to oral sex with her about three times during the time period alleged in the indictment. The indictment was returned in May 1995 and charged defendant with two counts of rape in the first degree, seven counts of rape in the second degree and seven counts of sodomy in the second degree. Of the counts submitted to the jury six involved Amy and eight involved April.

County Court denied defendant's pretrial motion to suppress his statements as involuntary. Defendant also moved to compel the People to comply with his demand for a bill of particulars detailing the specific time and date that each of the alleged acts occurred; the People had previously refused to comply on the ground that they were unable to provide more specificity. At the end of the suppression hearing, defendant orally moved for dismissal of counts 1, 2, 9, 10, 11, 12, 13, 14, 15 and 16 for lack of specificity. County Court dismissed counts 1 and 5 but denied the motion as to the other counts because of the absence of any bad faith on the part of the People in failing to disclose further information concerning the date and time of the acts in view of the nature of the charges, the ages and mental state of the victims.

The jury found defendant guilty of counts 3 (rape in the second degree) and 6 (sodomy in the second degree) with respect to Amy concerning February 10, 1995 and not guilty of all remaining charges involving Amy. Defendant was also found guilty of four counts of rape in the second degree involving April (counts 9, 10, 11 and 12), one count of sodomy in the second degree (count 14) and not guilty of all the remaining counts. County Court sentenced defendant to prison terms of $2^1/_3$ to 7 years on each count, with two of the sentences to run consecutively.

Defendant's claim that reversal is required because the jury verdict is inconsistent and repugnant is not preserved for this Court's review as defense counsel never moved to dismiss the verdict as inconsistent in County Court and we decline to reverse on this issue in the interest of justice (*see, People v Delage*, 210 AD2d 525, *lv denied* 85 NY2d 908; *People v Giddens*, 202

AD2d 976, *lv denied* 83 NY2d 871; *People v Tomczak*, 189 AD2d 926, *lv denied* 81 NY2d 977). In any event, the jury's verdicts are not inconsistent. The victims' inability to recount and relate the facts was obviously considered by the jury together with defendant's alibi defense, resulting in a finding of not guilty on the relevant counts. On the other hand, defendant's signed statements and other evidence provided ample proof of defendant's guilt on the other counts of which he was found guilty.

Defendant's argument that the verdict should be reversed based on the alleged ineffective assistance of defense counsel is also without merit. Defense counsel mounted a good defense. He made pretrial motions, knowledgeable arguments to County Court and the jury on defendant's behalf and generally afforded defendant meaningful representation (*see, People v Archer*, 232 AD2d 820, 822; *People v Linderberry*, 215 AD2d 867, 870, *lv denied* 86 NY2d 844).

Defendant's contention that counts 9, 10, 11, 12 and 14 of the indictment were so lacking in specificity as to time and date that he was unable to prepare and conduct a sufficient defense lacks merit. The instant indictment sufficiently complied with CPL 200.50 (6) to allow defendant to prepare and conduct a defense and to raise a bar of double jeopardy should a subsequent prosecution be brought for the same crimes (*see, e.g., People v Kindlon*, 217 AD2d 793, 795, *lv denied* 86 NY2d 844; *People v Nichols*, 193 AD2d 764, 764-765, *lv denied* 82 NY2d 723).

In sexual abuse cases the sufficiency of the specificity regarding the time frame of the acts charged is to be determined on a case-by-case analysis of relevant factors. These factors included (1) the diligence and good faith of the People in attempting to acquire specific information relating to times and dates, (2) the age and mental capacity of the victims, (3) the length of time alleged in each count of the indictment, and (4) whether the indictment provided reasonable notice to the defendant (*see, People v Watt*, 81 NY2d 772, 774-775; *People v Keindl*, 68 NY2d 410, 419-420; *People v Morris*, 61 NY2d 290, 294-296). Defendant's claim that the People acted in bad faith because they were able at trial to associate some of the allegations with the victims' birthdays and to Christmas, and consequently should have been able to supply such information prior to the trial, is rejected. The testimony of the victims at trial demonstrates their difficulty in talking about the subject of their abuse and their lack of recall in relating the acts to specific dates. Further, defendant's confession provided additional evidence that

the events alleged by the victims had occurred and raised a credibility question for jury resolution. The indictment herein sufficiently complied with CPL 200.50 (6). The time period alleged therein was not unreasonable considering the facts and relevant circumstances of this case (*see, People v Watt*, 84 NY2d 948; *People v Watt*, 81 NY2d 772, *supra*; *People v Jones*, 133 AD2d 972, *lv denied* 70 NY2d 956).

White, Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.