THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK CASE, Appellant. [814 NYS2d 272]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered February 9, 2004, convicting him of rape in the first degree, sexual abuse in the first degree, rape in the second degree (18 counts), incest (14 counts), reckless endangerment in the first degree (11 counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions regarding the convictions of rape in the second degree and incest during specified two-month periods are not preserved for appellate review (*see* CPL 470.05 [2]; *People v Weldon,* 191 AD2d 662 [1993]; *People v Barrett,* 166 AD2d 657, 658 [1990]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, the contentions are without merit. The defendant repeatedly raped and sexually abused his biological daughter over a period of five years. The victim could not recall the exact dates of the incidents. The indictment charged the defendant with a specific crime during a specified two-month period. In view of the age of the victim, the repetitive and clandestine nature of the crimes, the continuous and long-term nature of the abuse, and the fact that time is not a material element of

the charged crimes, the two-month intervals were reasonably specific and provided the defendant with adequate notice (*see People v Watt,* 81 NY2d 772, 774 [1993]; *People v Keindl,* 68 NY2d 410, 419 [1986]; *People v Morris,* 61 NY2d 290, 293-296 [1984]; *People v Cosby,* 222 AD2d 690 [1995]; *People v Barrett, supra* at 658; *People v Willette,* 109 AD2d 112, 114-115 [1985]; *People v Coveney,* 134 Misc 2d 894 [1987]). Moreover, the counts are neither duplicitous nor multiplicitous (*see People v Keindl, supra* at 419; *People v Cosby, supra*).

The defendant received the effective assistance of counsel (*see People v Henry,* 95 NY2d 563 [2000]; *People v Benevento,* 91 NY2d 708, 712 [1998]). Florio, J.P., Miller, Adams and Skelos, JJ., concur.