■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GERALD P. LAPAGE, Respondent. [860 NYS2d 329]—

Kavanagh, J. Appeal from an order of the County Court of Essex County (Meyer, J.), entered February 11, 2008, which partially granted defendant's motion to dismiss the indictment.

Defendant was charged in a 10-count indictment with the crimes of rape in the first degree (two counts), criminal sexual act in the first degree (two counts), sexual abuse in the first degree, sexual abuse in the second degree, sexual abuse in the third degree, rape in the third degree, endangering the welfare of a child and course of sexual conduct against a child in the first degree—all stemming from sexual contact that defendant had with a child beginning in the fall of 1997 when the child was seven years old. After defendant moved to, among other things, dismiss the indictment as legally insufficient, County Court dismissed counts seven, eight and nine on the ground that the time periods during which it was alleged these crimes were committed were too indefinite and not pleaded with sufficient specificity. County Court concluded that because the victim was at least 14 years old when the crimes as alleged in these counts were committed, she should have been able to more specifically identify and describe the time frames during which these acts were alleged to have occurred. The People now appeal.

"Although an indictment that specifies the date and time when an offense occurred would be preferred, such precision is not always necessary. An indictment will not be dismissed as defective under CPL 200.50 with respect to the time period alleged for the commission of a crime, if it or, in some instances, the bill of particulars provides a reasonable approximation,

under the circumstances of the individual case, of the date or dates involved" (*People v Morris*, 61 NY2d 290, 292 [1984]; *see People v Weber*, 25 AD3d 919, 922 [2006], *lv denied* 6 NY3d 839 [2006]). "[W]hen the period of time is not an essential element of any of the charged crimes, an approximation of time is satisfactory as long as the time interval is sufficient to enable a defendant to prepare a defense" (*People v Johnson*, 268 AD2d 891, 892 [2000], *lv denied* 94 NY2d 921 [2000]; *see People v Watt*, 81 NY2d 772, 774 [1993]).

Here, counts eight and nine of the indictment charged defendant with rape in the third degree and endangering the welfare of a child, which allegedly took place in the fall of 2006. After defendant filed his motion to dismiss and before County Court rendered its decision, the People submitted an amended bill of particulars that provided further details about this encounter and, more importantly, when it was alleged to have occurred. It charged that defendant raped the victim, at his home, in the "late summer or early fall of 2006, when [the victim] had begun school classes for the year." It further specified that this crime occurred on a weekend, shortly after the victim had returned to school, and at a time when defendant's girlfriend had gone on vacation to visit her family in Georgia. The victim also recalled that this was the first time that defendant had employed a condom while sexually assaulting her. Given this specificity, the crimes as alleged in these counts provide defendant with sufficient information as to the date, time and place of their commission so as to make it possible for him to prepare a meaningful defense (*see People v Keindl*, 68 NY2d 410, 419 [1986]; *People v Morris*, 61 NY2d at 293; *People v Fish*, 240 AD2d 866, 868 [1997], *lv denied* 90 NY2d 1011 [1997]). Accordingly, County Court should not have dismissed these counts of the indictment.

We reach a different conclusion as to the charge of sexual abuse in the third degree contained in count seven. The victim could not recall any specific details as to when this incident allegedly occurred other than that it happened on a weekend at defendant's home, sometime in the summer of 2004. What makes this charge so problematic is that, during the period in question, the victim claims to have spent nearly every weekend at defendant's home and that, during this period, "some form of sexual abuse occurred almost every weekend that she was there." Under the circumstances, we agree that this count of the indictment, as pleaded, substantially impairs defendant's ability to address this charge and prepare a defense. We are also of the view, given the recurring nature of the alleged criminal conduct, that defendant's constitutional guarantee against be-

ing placed in double jeopardy could be significantly compromised by the wording employed in this count of the indictment and, as a result, it was properly dismissed (*see People v Morris*, 61 NY2d at 293).

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, by reversing so much thereof as granted defendant's motion to dismiss counts eight and nine of the indictment; motion denied to that extent and said counts reinstated; and, as so modified, affirmed.