OPINION OF THE COURT
Carol Berkman, J.
Janet Rosenblatt and Gerald Nahay, owners of Tickets on Request, a ticket brokerage company, were indicted for failure to file sales tax returns and pay sales tax, for selling tickets above the maximum premium price and for aggravated ticket speculation. The indictment was filed on March 31, 1997. Defendants were represented jointly and, on May 5, 1997, filed an omnibus motion for various forms of relief.[1]
After this motion was filed,[2] defendant Rosenblatt retained separate counsel. On August 21, 1997, counsel for defendant Rosenblatt filed a supplemental motion seeking to dismiss the indictment on the grounds that the evidence before the Grand Jury was legally insufficient to support counts 1 through 6 (charging defendants with various Tax Law violations); that the indictment was defective in that it failed to charge any degree of mental culpability under counts 7 through 18; that the Statute of Limitations bars prosecution under counts 7 through 14; that a review of the Grand Jury minutes is required to determine if count 19 of the indictment is similarly time barred under the Statute of Limitations; that the evidence before the Grand Jury does not support the charge of aggravated ticket speculation contained in count 19; and that the Grand Jury minutes must be inspected to determine if there was a sufficient basis to charge defendant Rosenblatt personally with the alleged acts of the corporate entity.
In their responding papers, the People argue, inter alia, that the Grand Jury minutes adequately support all of the charges *978 and that none of the counts are time barred under the Statute of Limitations.[3]
The evidence before the Grand Jury shows that for the period of September 1, 1995 through August 31, 1996, defendants’ company, Tickets on Request (a ticket brokerage firm), was in the business of reselling tickets to a variety of sports and entertainment events. The company made $639,885 worth of sales of tickets which the prosecutor argues gave rise to a tax liability of $38,874.08.[4] Defendants remitted no sales tax for that period. Defendants filed no sales tax return for that period. The evidence further shows that on many occasions the company sold tickets at prices substantially above the prices established by the venue.[5] Moreover, the company had neither applied for nor received a license to resell tickets until after the period in question.
Discovery
Defendants’ initial motion was made on May 5, 1997, and was not preceded by a demand to produce (CPL 240.20). Accordingly, defendants’ discovery motions are procedurally defective. Moreover, this court has no recollection of extending defendants’ time for omnibus motions, so the motion for discovery is untimely. In addition, the requests are inappropriate or call for evidentiary matters.
In any event, since the proofs in this matter involve a number of documents, orderly procedure requires that the prosecutor promptly arrange to permit inspection of those documents and give reasonable particulars as to each count.
Suppression Hearings
This matter involves no identification procedures and the motion to preclude is academic. Similarly, the prosecutor has stated that no evidence seized incident to defendants’ arrests will be offered. In any event, no facts are alleged by the defense so as to require a hearing on the legality of the arrests. The search warrant was properly issued.
*979 A Huntley hearing is ordered as to the statement by defendant Rosenblatt.
Sandoval hearings will be conducted prior to trial.
Sufficiency of Evidence before Grand Jury and Clayton Motion
The defense argues that the defendants were unaware that sales taxes were due and that the indictment should accordingly be dismissed in the interests of justice. If any sympathy were created by this argument, it would quickly be dissipated by the evidence that defendants were, illegally, operating without a license and that they, illegally, grossly overcharged for tickets.
The existence of alternative remedies is irrelevant. The "evidence” offered by the defense in support of a claim of selective or inappropriately retributive prosecution is inadequate to merit a judicial inquiry.
Defendants’ claim that article 28 of the Tax Law imposes no obligation to collect sales tax for the resale of tickets to customers by a ticket brokerage firm is rejected. The administrative opinions relied upon by defendant do not establish lack of taxability. Those opinions deal with resales conducted within the law, to wit, with a 10% (or $5, whichever is more) premium. Defendants charged much more than the law allowed and cannot be heard to argue that their illegal profit was a mere service charge, not subject to sales tax. To the extent that sales tax was already paid by defendants when they bought the tickets, the People do not argue that tax was due. But tax is due on the balance, whether because the ticket is considered a taxable admission charge or, more generally, tangible property. Defendants disingenuously try to hide behind the skirts of the legitimate ticket resale industry, which of course does not repay sales tax on resales of tickets. The legitimate ticket resale industry makes its profit from a legal service fee. According to the evidence before the Grand Jury, defendants profited well beyond such service fees.
Defendants’ assertion that Tax Law § 1105 (f) (1) is unconstitutionally vague under the Due Process Clause of the New York and Federal Constitutions similarly lacks merit. Tax Law § 1105 (a) states that a sales tax must be collected upon, "[t]he receipts from every retail sale of tangible property, except as otherwise provided in this article.” Moreover, Tax Law § 1132 (c) (1) provides in relevant part: "it shall be presumed that all receipts for property or services of any type mentioned in subdivisions (a), (b), (c) and (d) of section eleven *980 hundred five, all rents for occupancy of the type mentioned in subdivision (e) of said section, and all amusement charges of any type mentioned in subdivision (f) of said section, are subject to tax until the contrary is established” (emphasis supplied).
As the prosecutor argues, defendants do not establish that their profits on the sale of the tickets come within any such exception. Contrary to defendants’ arguments, these Tax Law provisions provide a person of ordinary intelligence with adequate notice that defendants owed sales tax.
Defendant’s additional claim that the price-fixing scheme in article 25 of the Arts and Cultural Affairs Law is unconstitutional is similarly rejected. Defendant relies on a 1927 Supreme Court case, Tyson & Brother v Banton (273 US 418, 429 [1927]), in support of this argument. In Tyson & Brother the United States Supreme Court held that the provisions of the New York General Business Law (predecessor to section 25.09 of the Arts and Cultural Affairs Law at issue), which set the maximum price for which a theater or entertainment ticket could be resold, contravened the Due Process Clause of the US Constitution.
However, as the People argue, Tyson & Brother (supra), while never explicitly overruled, is no longer applied and is not binding precedent. (See, Gold v Dicarlo, 235 F Supp 817 [SD NY 1964], affd 380 US 520; People v Concert Connection, 211 AD2d 310 [2d Dept 1995].) The court finds this argument to be persuasive and concludes that article 25 of the Arts and Cultural Affairs Law is constitutional.
Defendant’s contention that counts 7 through 18 of the indictment are legally defective for failure to allege a culpable mental state is rejected. The language in the indictment tracks the language of section 25.07 (2) of the Arts and Cultural Affairs Law, the statute under which the defendant is charged. That is sufficient in this case. (See, People v Iannone, 45 NY2d 589 [1978].) Moreover, the primary purpose of the indictment is to give the defendant "fair notice of the nature of the charges, and of the manner, time, and place of the conduct underlying the accusations, so as to enable the defendant to prepare or conduct an adequate defense”. (People v Nichols, 193 AD2d 764 [2d Dept 1993].) A proper demand for a bill of particulars is the appropriate recourse for a defendant seeking more specific information regarding the alleged crimes charged. That defendant failed to so move in the instant case does not affect the validity of the indictment. The indictment sufficiently alleges all of the essential elements of the crimes charged. (CPL 200.50.)
*981 Defendant’s allegation that counts 7 through 14 are time barred is premised on the erroneous conclusion that the indictment was filed on April 10, 1997. The relevant court papers support the People’s contrary assertion that the indictment was actually filed on March 31, 1997. Since the indictment was filed within one year of the commission of the various violations charged, the defendant’s claim is rejected.
Count 19 of the indictment, charging defendant with aggravated ticket speculation in violation of section 25.09 (2) of the Arts and Cultural Affairs Law, is a misdemeanor and is subject to a two-year Statute of Limitations. A review of the Grand Jury minutes and accompanying exhibits shows the evidence is sufficient to establish that defendant resold, offered to resell or purchased with the intent to resell five or more tickets to any places of entertainment (for more than the maximum premium price and as an unlicensed broker) during a less than two-year period prior to the filing of the indictment.
Moreover, the defendant’s additional claim that count 19 is legally insufficient because the five requisite sales did not involve the same place of entertainment is denied. A review of the Grand Jury minutes and supporting exhibits establishes that there was evidence of sales of five or more tickets to a single place of entertainment presented to the Grand Jury.
Finally, the court’s review of the Grand Jury minutes reveals that there was a legally sufficient basis to find that defendant Rosenblatt committed each of the offenses charged and that the Grand Jury was properly instructed.
Except to the extent granted herein (Huntley and Sandoval hearings), the defense motions are denied.

. Defendants filed a Clayton motion on June 27, 1997.

. Defendant Rosenblatt continues to seek relief raised in the omnibus and Clayton motions filed by previous counsel.

. The People submit that the supplemental motion should be precluded pursuant to CPL 255.20 because the motion was made well in excess of the 45-day time period allowed by statute. While the motion is untimely, the court will decide it on the merits.

. Credit was allowed for taxes that had already been paid by defendants for the tickets.

. Evidence established that the markups sometimes were 500% above the initial ticket price.