■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL MARTIN, Also Known as MITCHELL DIVINE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Gallagher, J.), rendered August 26, 1983, convicting him of attempted murder in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The evidence adduced at trial was sufficient to permit a rational trier of fact to find that the defendant was guilty, as charged, of attempted murder in the first degree *(see,* Penal Law § 125.27 [1] [a] [i]; § 110.05 [1]; *People v Contes,* 60 NY2d 620, 621). We find the defendant's other contentions to be without merit. Mollen, P. J., Gibbons, Thompson and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES McCASKILL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered March 3, 1982, convicting him of criminal possession of a weapon in the third degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

The record reflects certain inconsistencies between the accounts given by two boys who testified that the defendant pointed a gun at them and threatened them, as well as between each of those accounts and the testimony of the arresting officer. The arresting officer's testimony also reflects certain internal inconsistencies. However, all of those inconsistencies did not undermine the credibility of the witnesses to such a degree as to render their testimony insufficient proof of the defendant's guilt *(see, People v Fuller,* 50 NY2d 628, 635). The officer's testimony that, immediately after the boys informed him of the incident, he approached the defendant, who was holding a gun, supports the boys' account that it was the defendant, and not his companion, who held the gun. Therefore, there is sufficient evidence to support the conviction *(see, People v Contes,* 60 NY2d 620, 621; Penal Law § 160.10 [2]; § 265.02). Mollen, P. J., Gibbons, Thompson and Brown, JJ., concur.