THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NANCY MARTINEZ, Appellant.

In this buy and bust operation, defendant, after advertising a brand of heroin to a passing undercover officer, sold the

officer two glassines of heroin in exchange for pre-recorded buy money. After that officer left, his undercover "ghost" officer observed defendant hand over money and a bag of other glassine envelopes to another person standing nearby. The "ghost" then detained defendant and the other person, who was defendant's brother, as the first officer confirmed that the appropriate parties were detained in a drive-by identification. When the buying officer radioed the location of the buy, it was logged as occurring at a nearby location. Police evidence established that the logged location only generally identified the neighborhood rather than the specific corner of the buy. Defendant contends that she was arrested during a neighborhood "sweep" and that she had not conducted a drug sale. Viewing the evidence in a light most favorable to the People, a rational trier of fact could have found defendant's guilt proved beyond a reasonable doubt *(People v Bleakley,* 69 NY2d 490, 494). Nor was the verdict against the weight of the evidence *(supra,* at 495). Testimony explaining why the logged location differed from the crime location was a minor inconsistency that did not render the police testimony incredible as a matter of law *(see, People v McCaskill,* 117 AD2d 757, *lv denied* 67 NY2d 947). We find no basis to disturb the findings of the trial court. Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.