■ The People of the State of New York, Respondent, v Dennis Padmore, Appellant. [634 NYS2d 215] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered July 28, 1994, convicting him of endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with rape in the first degree (two counts), sexual abuse in the first degree (two counts), and endangering the welfare of a child. He was convicted of the latter count and acquitted of all of the other counts. He now challenges his conviction on the grounds that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt and that the verdict was against the weight of the evidence. He also asserts that Penal Law § 260.10 (1) is unconstitutional as applied to him.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Under the circumstances of this case, there was sufficient evidence from which a jury could find that the defendant "knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare of" the complainant (Penal Law § 260.10 [1]; *see, People v Parr,* 155 AD2d 945; *People v McCaskill,* 117 AD2d 757; *People v Ahlers,* 98 AD2d 821; *People v Doe,* 137 Misc 2d 582). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Although the defendant's sister, who was present in the residence at the time of the incident, contradicted some of the complainant's testimony, resolution of issues of credibility and the weight to be accorded to the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

We reject the defendant's contention that Penal Law § 260.10 (1) was unconstitutional as applied to him. A reasonable man would have been aware that actions such as those committed by the defendant would have endangered the "life, limb, health or morals" of the complainant herein *(see, People v Bergerson,* 17 NY2d 398, 403-404; *see also, People v Bright,* 71 NY2d 376). To the extent that *People v Villacis* (143 Misc 2d 568) is contrary to this conclusion, it is overruled *(see, People v Alexander,* 149 Misc 2d 361; *People v Morbelli,* 144 Misc 2d 482; *People v Ali,* 144 Misc 2d 543). O'Brien, J. P., Pizzuto, Santucci and Joy, JJ., concur.