STATE of Wisconsin, Plaintiff-Respondent,

v.

Raymond F. MOLITOR, Defendant-Appellant.†

Court of Appeals

*No. 96–2673–CR. Submitted on briefs February 10, 1997.—Decided April 24, 1997.*

(Also reported in 565 N.W.2d 248.)

†Petition to review denied.

416

For the defendant-appellant the cause was submitted on the brief of *Donald T. Lang,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

Before Eich, C.J., Roggensack and Deininger, JJ.

DEININGER, J. Raymond Molitor appeals a judgment convicting him of engaging in repeated acts of sexual assault with the same child, contrary to § 948.025(1), STATS.[1] He also appeals an order denying postconviction relief. He makes two claims: (1) that subsection (2) of § 948.025 renders the statute unconstitutional by depriving Molitor of his state constitutional right to a unanimous jury verdict; and (2) that he should be allowed to withdraw his no contest plea because it was not entered knowingly and volunta-

---

[1] Section 948.025, STATS., provides:

(1) Whoever commits 3 or more violations under s. 948.02 (1) or (2) within a specified period of time involving the same child is guilty of a Class B felony.

(2) If an action under sub. (1) is tried to a jury, in order to find the defendant guilty the members of the jury must unanimously agree that at least 3 violations occurred within the time period applicable under sub. (1) but need not agree on which acts constitute the requisite number.

417

rily. We conclude that § 948.025 is not constitutionally infirm inasmuch as it requires a jury to unanimously agree that the defendant engaged in a specified continuous course of conduct. We further conclude that the State met its burden in showing at the postconviction hearing by clear and convincing evidence that Molitor understood the nature of the charge to which he pleaded.

## BACKGROUND

Molitor was charged under § 948.025(1), STATS., for allegedly engaging in sexual intercourse with a fifteen-year-old girl "on more than three occasions" between April 1 and May 21, 1995. The complaining witness testified at the preliminary hearing that she had an ongoing sexual relationship with Molitor, and that she had intercourse with him almost daily during the period in question. Molitor pleaded no contest to the charge and was subsequently sentenced to a twenty-year prison term.

Postconviction, Molitor moved that his conviction be vacated on constitutional grounds, and for withdrawal of his plea because it was not knowing and voluntary. The trial court denied relief on both grounds and Molitor appeals.

## ANALYSIS

*a. Constitutionality of § 948.025(2), STATS.*

The constitutionality of a statute is a question of law which we decide de novo. *State v. Borrell*, 167 Wis. 2d 749, 762, 482 N.W.2d 883, 887 (1992). The person attacking the constitutional validity of a statute bears the burden of overcoming the strong presumption in favor of the statute's validity. *Id.*

 As an initial matter, the State questions whether Molitor's constitutional claim is properly before us in light of his no contest plea. A plea of no contest waives all non-jurisdictional defects in the proceedings. *State v. Princess Cinema of Milwaukee, Inc.*, 96 Wis. 2d 646, 651, 292 N.W.2d 807, 810 (1980). The State contends Molitor has not raised a jurisdictional defect because his challenge is to the application of the statute, not its face.[2] We cannot conclude that Molitor's claim attacks anything other than the face of the statute, specifically, the language providing that "the jury must unanimously agree that at least 3 violations occurred within the time period . . . *but need not agree on which acts constitute the requisite number*." Section 948.025(2), STATS. (emphasis supplied). Molitor relies on no facts in the record or other "information outside the statute" to support his claim. *See State v. Olson*, 127 Wis. 2d 412, 420, 380 N.W.2d 375, 379 (Ct. App. 1985). The fact that Molitor poses certain hypothetical situations and discusses related precedents in developing his argument does not mean that the gravamen of his attack is anything other than that the words of the statute itself render it unconstitutional.

[2] The State also argues that Molitor's plea constitutes a waiver of his right to a jury trial, and hence, a waiver of the right to a unanimous verdict. Therefore, the State argues he should not be heard to complain that the statute deprives him of a right he did not choose to exercise. We agree with Molitor, however, that this argument adds nothing to the State's first waiver argument: All pleas of guilty or no contest necessarily constitute waivers of the right to a jury trial, but they do not waive the right to challenge the facial validity of a criminal statute. *See State v. Olson*, 127 Wis. 2d 412, 420, 380 N.W.2d 375, 379 (Ct. App. 1985).

419

Just because we conclude that Molitor's attack on § 948.025, STATS., is properly before us, however, does not mean that we find merit in it. We have no quarrel with his assertion that Article I, sections 5 and 7 of the Wisconsin Constitution guarantee a defendant the right to a unanimous jury verdict of guilt in order to be convicted of a crime. *State v. Seymour*, 183 Wis. 2d 683, 694 & n.9, 515 N.W.2d 874, 879 (1994). We also agree that the right to a unanimous verdict includes the requirement that the "jury must agree unanimously that the prosecution has proved each essential element of the offense beyond a reasonable doubt before a valid verdict of guilty can be returned." *Holland v. State*, 91 Wis. 2d 134, 138, 280 N.W.2d 288, 290 (1979), *cert. denied*, 445 U.S. 931 (1980). We do not agree, however, that this requirement may not be fulfilled where, as here, unanimity is required as to the existence of a continuing course of conduct rather than as to each discrete act of which it is comprised.

The supreme court, in *State v. Giwosky*, 109 Wis. 2d 446, 451, 326 N.W.2d 232, 235 (1982), concluded that when the charged behavior constitutes "one continuous course of conduct," the requirement of jury unanimity is satisfied regardless of whether there is agreement among jurors as to "which act" constituted the crime charged. (Emphasis omitted.) While the course of conduct in *Giwosky* was a "short continuous incident that can not be factually separated," *id.* at 456, 326 N.W.2d at 238, the court later clarified in *State v. Lomagro*, 113 Wis. 2d 582, 594, 335 N.W.2d 583, 590 (1983), that the duration of the course of conduct was not "legally significant." The unanimity requirement is met where multiple acts can be said to constitute "one continuous, unlawful event and chargeable as one count." *Id.*

The question in *Lomagro* was whether the aggregation of multiple, conceptually similar acts into a single charged crime was constitutionally permissible as an act of prosecutorial discretion. *Id.* at 589, 335 N.W.2d at 588. *See also State v. Glenn*, 199 Wis. 2d 575, 584, 545 N.W.2d 230, 234 (1996). The language of § 948.025, STATS., plainly shows that the legislature intended to create a single crime, the repeated sexual assault of the same child within a specified time period. The question before us, then, is whether the legislature may, like prosecutors, aggregate conceptually similar acts in a single "course of conduct" crime, albeit for acts committed over an indefinite, and presumably longer, period of time. We conclude that it may.

Molitor argues that the only "continuous course of conduct" crimes recognized by Wisconsin courts are of the short duration variety analyzed in *Giwosky* and *Lomagro*. But the lack of a precedent upholding the constitutional validity of a statute which expressly creates a "course of conduct" crime stems from the newness and relative uniqueness of § 948.025, STATS., rather than from any rejection of the concept by Wisconsin courts.[3] The State refers us to a line of California cases upholding a similar statute against a jury unanimity challenge, and we find them persuasive here.

The California statute, CAL. PENAL CODE § 288.5, provides that:

> (a) Any person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than

---

[3] Section 948.025, STATS., was created by 1993 Wis. Act 227, § 30, published April 22, 1994.

three months in duration, engages in three or more acts of substantial sexual conduct with a child under the age of 14 years . . . is guilty of the offense of continuous sexual abuse of a child . . . .

(b) To convict under this section the trier of fact, if a jury, need unanimously agree only that the requisite number of acts occurred not on which acts constitute the requisite number.

The California constitution is also interpreted as requiring unanimity in jury verdicts of guilt for a crime. *See People v. Gear*, 23 Cal. Rptr. 2d 261, 264 (Cal. Ct. App. 1993), *cert. denied*, 511 U.S. 1088 (1994). California courts, however, recognize two contexts in which unanimity as to specific acts comprising a course of conduct crime is not required: (1) " 'acts . . . so closely connected that they form part of one and the same transaction,' " apparently similar to the *Giwosky* rationale; and (2) " 'when . . . the statute contemplates a continuous course of conduct of a series of acts over a period of time,' " which applies to statutes like CAL. PENAL CODE § 288.5 and § 948.025, STATS. *See People v. Avina*, 18 Cal. Rptr. 2d 511, 513–14 (Cal. Ct. App. 1993) (quoted source omitted). The California Court of Appeals has explained why such statutes do not require a unanimity instruction as to specific acts:

"The continuous-course-of-conduct crime does not require jury unanimity on a specific act, because it is not the specific act that is criminalized. The actus reus of such a crime is a series of acts occurring over a substantial period of time, generally on the same victim and generally resulting in cumulative injury. The agreement required for conviction is directed at the appropriate actus reus: unanimous assent that the defendant engaged in the criminal course of conduct."

*People v. Whitham*, 45 Cal. Rptr. 2d 571, 579 (Cal. Ct. App. 1995) (quoted source omitted); *see Gear*, 23 Cal. Rptr. 2d at 265.

In order to convict a defendant of violating § 948.025, STATS., a jury "must unanimously agree that at least 3 [sexual assaults] occurred within [a specified period of time]," just as a jury must do to find guilt under the California statute. Molitor cites no Wisconsin authority precluding the application of the California Court of Appeal's analysis to the Wisconsin statute, and we are aware of none. We fail to see why allowing jurors to find guilt upon unanimous agreement that three sexual assaults were committed during a certain time period, without requiring agreement as to which three, is any more of an infringement of a defendant's right to a unanimous verdict than is allowing them to find guilt based upon unanimous agreement that a sexual assault occurred, without requiring agreement as to which one of six acts were committed during the two-hour period of the assault. *See Lomagro*, 113 Wis. 2d at 598, 335 N.W.2d at 592.

We therefore reject Molitor's claim that § 948.025(2), STATS., is unconstitutional on its face.[4]

### b. Withdrawal of No Contest Plea

[4] Molitor hypothesizes that, given the statute of limitations for the offense, § 939.74(2)(d), STATS., a defendant could be charged under § 948.025, STATS., for three assaults spanning a period of sixteen years and occurring up to twenty-five years in the past. Molitor, however, was charged with the offense for a two month period immediately preceding his arrest. Moreover, as we have discussed, we review his challenge as an attack on the facial validity of the statute, not its application to his or any specific circumstances. We do not address whether the application of the statute under certain circumstances may be amenable to challenge on constitutional grounds.

Molitor claims that he should be allowed to with-draw his no contest plea because he did not understand the charge against him, and thus the plea was not knowing and voluntary.[5] The trial court found that the colloquy at Molitor's plea hearing was deficient, and the State concedes the point. Thus, the burden to show by clear and convincing evidence that his plea was knowing and voluntary shifts to the State. *State v. Bangert*, 131 Wis. 2d 246, 274, 389 N.W.2d 12, 26 (1986). The State may rely on any evidence in the record to substantiate that Molitor's plea was knowing and voluntary, including his testimony and that of his counsel at postconviction proceedings. *See id.* at 274–75, 283, 389 N.W.2d at 26, 30.

The record supports Molitor's claim that he was not informed at the plea hearing of the elements of § 948.025(1), STATS., and that his trial counsel did not specifically recall reviewing the elements with him. The record also provides support, however, for the State's position that Molitor did, in fact, understand the charge to which he pleaded. At the postconviction hearing, the State presented testimony from a detective who had interviewed Molitor at the time a complaint was being prepared by the prosecutor. The detective produced a transcript of the taped interview, during which he told Molitor:

> Okay I explained to you what the charge is, it's . . . the fact that you did the same thing with the same girl more than three times according to the informa-

---

[5] Section 971.08(1)(a), STATS., requires a court to determine that a plea of guilty or no contest is "made voluntarily with understanding of the nature of the charge and the potential punishment if convicted."

tion I have at this time. Okay. And I think it's much, much more than three times from my calculations.

At the preliminary hearing, the prosecutor asked the victim if she had intercourse with Molitor "[m]ore than three times" at her residence, and she answered "yes." On cross-examination, she testified that she had intercourse with Molitor on " [m]ost of the days" during the time period ·charged. Molitor himself testified at the postconviction hearing that the detective had told him he was being charged with only "one count" and that he "wasn't quite as shocked as if he would have said, you know, four years times forty counts." And, although he testified that he wasn't "sure" if the detective had told him the charge required "sexual contact with [the] victim . . . at least three times" Molitor did recall being told he could have been charged with "fifty counts of child sexual assault" instead of "the one repeat count."

The trial court summarized its findings regarding Molitor's knowledge of the charge as follows:

> [A]s I listen to the testimony of [trial counsel] and to [the detective], as well as the testimony of Mr. Molitor, I am satisfied that there has been a clear and convincing showing that Mr. Molitor did, in fact, know and understand the elements of the offense to which he was pleading. . . . It's also established through [the transcript of Molitor's interview with the detective] that, from the outset, he was well aware that he was being charged with one offense when, in fact, he had committed many and could have been charged separately for each of those offenses.

Even though the issue of whether a plea is knowing and voluntary is a question of constitutional fact, reviewable de novo on appeal, a trial court's findings of evidentiary or historical facts may only be upset on appeal if they are contrary to the great weight and clear preponderance of the evidence. *Bangert*, 131 Wis. 2d at 283–84, 389 N.W.2d at 30. Molitor's challenge to the trial court's finding that he was aware of the nature of the charge fails to meet this test. And, since the inquiry on review is directed to "whether the defendant received real notice of the nature of the charge," rather than to a " 'ritualistic litany' of formal elements," we conclude the State has met its burden in showing that Molitor's plea was knowing and voluntary.[6] *See id.* at 282–83, 389 N.W.2d at 30 (quoted source omitted).

We thus affirm the denial of Molitor's postconviction motion and the judgment convicting him of violating § 948.025 , STATS.

*By the Court.*—Judgment and order affirmed.

[6] Molitor also argues that his plea was not knowing and voluntary because his counsel did not advise him of the possible constitutional infirmity of § 948.025, STATS. Since we have considered the constitutional claim and have concluded that the statute does not violate Molitor's right to a unanimous verdict, Molitor's plea is not vulnerable on this ground.