■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR PRUE, Appellant. [661 NYS2d 545] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant was convicted following a bench trial of endangering the welfare of a child (Penal Law § 260.10 [1]). We reject the contention of defendant that Penal Law § 260.10 (1) is unconstitutionally vague as applied to him (*see, People v Bergerson*, 17 NY2d 398, 403-404; *People v Padmore*, 221 AD2d 663, 664, *lv denied* 87 NY2d 1023; *see also, People v Bright*, 71 NY2d 376).

Viewing the evidence in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620), we conclude that it is legally sufficient to establish defendant's guilt beyond a reasonable doubt. There is sufficient evidence from which the trier of fact could find that defendant "knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare" of the 12-year-old complainant (Penal Law § 260.10 [1]; *see, People v Padmore, supra*, at 664). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

There is no merit to the contention of defendant that the photographic exhibits were admitted into evidence without proper foundation (*see, People v Corbett*, 68 AD2d 772, 779-780, *affd* 52 NY2d 714). Nor is there merit to his contention that the People violated their obligation under *People v Rosario* (9

NY2d 286, *rearg denied* 9 NY2d 908, 14 NY2d 876, 15 NY2d 765, *cert denied* 368 US 866) or *Brady v Maryland* (373 US 83; *see, People v Turner,* 233 AD2d 932).

Supreme Court properly denied defendant's motion to set aside the verdict as inconsistent or repugnant (*see, People v Loughlin,* 76 NY2d 804, 806-807; *People v Tucker,* 55 NY2d 1, 6-7, *rearg denied* 55 NY2d 1039).

Considering all the circumstances in this case, we conclude that the imposition of a 30-day term of incarceration, as a condition of probation, is inappropriate. Therefore, we exercise our power to modify the sentence as a matter of discretion in the interest of justice by vacating the 30-day term of incarceration (*see,* CPL 470.15 [6] [b]) and otherwise affirm. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.— Endangering Welfare Child.) Present—Denman, P. J., Pine, Callahan, Boehm and Fallon, JJ.