OPINION OF THE COURT
William H. Bristol, J.
For more than three months, the People claim, LaVaughn Calloway engaged in a course of sexual conduct against a female child under the age of 11 years. Between August 1, 1996 and December 30, 1996, he is alleged to have engaged in two or more sexual acts with this child, including at least one act of sexual intercourse and one act of deviate sexual intercourse. Confronted by indictment No. 543, which charges him with one count of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [a]), the defendant asks this court to declare the statute unconstitutional and to dismiss the indictment. He claims this statute violates United States and New York State constitutional guarantees, and that this indictment fails to conform with the statutory requirements of CPL 200.50 (3), (6) and (7). More specifically, he argues that this new statute (enacted June 5, 1996 and eff Aug. 1, 1996): (1) violates his Federal and State constitutional rights to “be informed of the nature and cause of the accusation” (US Const Sixth, Fourteenth Amends; NY Const, art I, § 6); (2) violates CPL 310.80 which requires jury unanimity; (3) violates his statutory right to specificity in the indictment (CPL 200.50 [3], [6], [7]).
Given the recent vintage of Penal Law § 130.75 this is a case of apparent first impression in New York State.
*163 CONCLUSIONS OF LAW
Due Process Argument
In Matter of Malpica-Orsini (36 NY2d 568, 570-571 [1975]), the Court of Appeals stated:
“a legislative enactment carries with it an exceedingly strong presumption of constitutionality; that, while this presumption is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt; that every intendment is in favor of the statute’s validity; that the party alleging unconstitutionality has a heavy burden; and that only as a last resort will courts strike down legislative enactments on the ground of unconstitutionality. Nor may courts substitute their judgment for that of the Legislature as to the wisdom and expediency of the legislation.
“There is a further presumption that the Legislature has investigated and found facts necessary to support the legislation * * * as well as the existence of a situation showing or indicating its need or desirability * * * Thus, if any state of facts, known or to be assumed, justify the law, the court’s power of inquiry ends * * *
“Under the doctrine of separation of powers, courts may not legislate * * * or extend legislation”. (See also, Matter of Van Berkel v Power, 16 NY2d 37, 40 [1965]; Fenster v Leary, 20 NY2d 309, 314 [1967]; People v Pagnotta, 25 NY2d 333, 337 [1969].)
To prevail on this motion, therefore, the defendant must demonstrate, beyond a reasonable doubt, exactly how the statute violates a constitutionally protected right.
Generally, so-called “course-of-conduct” crimes have a long history and their constitutional legitimacy has been tested and established. (See generally, People v Okafore, 72 NY2d 81, 85 [1988], citing In re Snow, 120 US 274.) Such statutes embody the notion of the “continuous offense doctrine” and date back to the English case of Crepps v Durden (2 Cowp 640 [KB]).[1] A continuing crime is one: “that by its nature may be committed either by one act or by multiple acts and readily permits characterization as a continuing offense over a period of time (see, e.g., Cowley v People, 83 NY 464, 472)”. (People v Keindl, 68 NY2d 410, 421 [1986].) “Whether multiple acts may be *164 charged as a continuing crime is resolved by reference to the language in the penal statute to determine whether the statutory definition of the crime necessarily contemplates a single act * * * Guidance is also obtained from analysis of whether the Legislature intended to prohibit a course of conduct or only specific, discrete acts”. (People v Shack, 86 NY2d 529, 540-541 [1995] [citations omitted].)
At issue here is Penal Law § 130.75 (a) which states: “A person is guilty of course of sexual conduct against a child in the first degree when, over a period of time not less than three months in duration, he or she engages in two or more acts of sexual conduct, which includes [sic] at least one act of sexual intercourse, deviate sexual intercourse or aggravated sexual contact, with a child less than eleven years old.” That the Legislature intended to create a single crime, viz., the repeated sexual assault of the same child during a specific period of time, is evident from the language of the statute.
Penal Law § 260.10 (endangering the welfare of a child) is a “course-of-conduct” crime which has been held to meet the constitutional requirement of specificity. It is not unconstitutionally vague. (People v Padmore, 221 AD2d 663 [2d Dept 1995]; People v Bergerson, 17 NY2d 398 [1966].) Yet, in all respects, the language in the endangering the welfare of a child statute is less specific than the language in this new “course of sexual conduct” statute. Accordingly, the defendant has failed to meet his burden of proving the statute violates his rights to substantive due process guaranteed by the Fourteenth Amendment of the US Constitution in that it is not unconstitutionally vague on its face or as it applies to him. The statute meets the test set out in Bergerson (supra, at 403): “ ‘The test is whether a reasonable man subject to the statute would be informed of the nature of the offense prohibited and what is required of him. Such warning must be unequivocal but this requirement does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding.’ (People v. Byron, 17 N Y 2d 64, 67.)”
Jury Unanimity Argument
Defendant asserts that Penal Law § 130.75 effectively violates his State constitutional right to a unanimous jury verdict. (See, CPL 310.80; People v Light, 285 App Div 496 [4th Dept 1955]; see, People v Mercado, 230 AD2d 488, 493 [1st *165 Dept 1997] [dissenting opn, citing NY Const, art I, §§ 2, 6].)[2] This is a new statute and there is no case law in New York State interpreting the issue raised by defendant. Thus this court looks to the analysis of similar statutes by the courts of sister States for guidance.
California Penal Code § 288.5[3] has been upheld as constitutional against a jury unanimity challenge. This court finds that the California courts’ analyses are applicable and persuasive here. California, like New York, requires jury unanimity in criminal cases. California courts, however, recognize two contexts in which jury unanimity as to specific acts comprising a course of conduct crime is not required: (1) “ ‘acts * * * so closely connected that they form part of one and the same transaction’ ” and (2) “ ‘when . . . the statute contemplates a continuous course of conduct of a series of acts over a period of time’ ” which applies to California Penal Code § 288.5. (See, People v Avina, 14 Cal App 4th 1303,1309, 18 Cal Rptr 2d 511, 514 [1993].) California’s Court of Appeal has explained why such statutes do not require jury unanimity as to specific acts: “ ‘The continuous-course-of-conduct crime does not require jury unanimity on a specific act, because it is not the specific act that is criminalized. The actus reus[4] of such a crime is a series of acts occurring over a substantial period of time * * * gener *166 ally resulting in cumulative injury. The agreement required for conviction is directed at the appropriate actus reus: unanimous assent that the defendant engaged in the criminal course of conduct.’ ” (People v Whitham, 38 Cal App 4th 1282, 1295, 45 Cal Rptr 2d 571, 579 [1995] [citations omitted]; see also, People v Gear, 19 Cal App 4th 86, 23 Cal Rptr 2d 261 [1993] .)[5]
As the California court noted when tracing the legislative intent of California Penal Code § 288.5:
“[Y]oung victims of such molestations ‘may have no practical way of recollecting, reconstructing, distinguishing or identifying by “specific incidents or dates” all or even any such incidents.’ A series of cases * * * highlighted the problems of proof and instructions in the resident child molester class of cases. Generally, [it was] held that where a unanimity instruction had been given and the evidence of the several acts of molestation did not present a distinguishing characteristic or individualizing aspect, there was a violation of due process * * * In [People v Van Hoek, 200 Cal App 3d 811, 246 Cal Rptr 352 (1988), the court held that] ‘[i]mplicit in the cases requiring specificity of charges and the charges being supported by specific testimony given at trial is the fundamental due process rule, steeped in antiquity, that the prosecution must prove a specific act and the twelve jurors must agree on one specific act.’ (Id. at p. 817 * * *
“Section 288.5, creating the new crime of continuous sexual abuse of a child, was the Legislature’s response to Van Hoek, supra, 200 Cal.App.3d 811. (Stats. 1989, ch. 1402, § 1, subd. (a), p. 6138 [‘The Legislature finds and declares that because of the court’s decision in People v. Van Hoek, 200 Cal.App.3d 811, there is an immediate need for additional statutory protection for the most vulnerable among our children . . . some of whom are being subjected to continuing sexual abuse . . .’].)” (People v Gear, supra, 19 Cal App 4th, at 90-91, 23 Cal Rptr 2d, at 264-265 [citations omitted].)
New York State’s Legislature, in enacting Penal Law § 130.75 (a), was responding to the difficulties in prosecuting cases *167 involving resident child molesters, essentially relying on the same rationale as the California Legislature.[6]
In State v Molitor (210 Wis 2d 415, 565 NW2d 248 [1997], supra) the Court of Appeals of the State of Wisconsin addressed the issue of whether Wisconsin Statutes Annotated § 948.025 (2) was facially unconstitutional as violating the defendant’s right to a unanimous jury verdict pursuant to Wisconsin Constitution, article I, §§ 5 and 7. (See, State v Seymour, 183 Wis 2d 683, 694, n 9, 515 NW2d 874, 879 [1994].) Under the Wisconsin statute: “In order to convict a defendant of violating § 948.025, STATS., a jury ‘must unanimously agree that at least 3 [sexual assaults] occurred within [a specified period of time]’ ”. (State v Molitor, supra, 210 Wis 2d, at 422, 565 NW2d, at 252.) In Molitor, the court followed the analysis of the California Court of Appeal in People v Whitham (supra) and People v Gear (supra). Thus the appellate courts of the States of Wisconsin and California are in agreement that statutes similar to New York State Penal Law § 130.75 are not unconstitutional on their face as violative of a State constitutional right to a unanimous jury verdict.
In order to convict a defendant of violating Penal Law § 130.75 (a) a jury must unanimously agree that at least two acts of sexual conduct occurred within a period of time not less than three months to a child less than 11 years of age. This is nearly identical to what a jury must find under the California statute.[7] Defense counsel cites no authority which would preclude this court from applying the California court’s analysis. Given the clear legislative intent and rationale behind Penal Law § 130.75 (a), this court fails to see how allowing jurors to convict upon unanimous agreement that two sexual assaults were committed during a certain time period, without requiring agreement as to which two, is an infringement on defendant’s right to a unanimous verdict.
Specificity
According to CPL 200.50, an indictment must contain a “separate accusation or count addressed to each offense charged” (CPL 200.50 [3]) and “[a] statement in each count that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time” (CPL 200.50 [6]). “[A]n indictment has been considered as the neces *168 sary method of providing the defendant with fair notice of the accusations made against him, so that he will be able to prepare a defense”. (People v Iannone, 45 NY2d 589, 594 [1978]; see also, People v Morris, 61 NY2d 290, 293 [1984].) This right is derived from “the notice requirement of section 6 of article I of our State Constitution and presumably that of the Sixth Amendment to the Federal Constitution as well.” (People v Iannone, supra, at 594.)
As the Court of Appeals stated in Morris (supra), “[i]n order for a defendant to make his defense ‘with all reasonable knowledge and ability’ and to have ‘full notice of the charge’, it is important that the indictment ‘charge the time and place and nature and circumstances of the offense with clearness and certainty ”. (People v Morris, supra, at 295, citing United States v Cruikshank, 92 US 542, 566 [1875].) “Failure to meet the CPL requirements for an indictment may result in dismissal. Not all defects will require such a result, however, inasmuch as the defect may be cured in some circumstances by providing the missing information in the bill of particulars * * * This is true when the claimed shortcoming is an indefinitely stated time.” (People v Morris, supra, at 293-294.)
People v Morris (supra, at 296) also instructs a reviewing court to consider the following when determining whether a more specific date could have been provided in the indictment: “(1) the age and intelligence of the victim and other witnesses; (2) the surrounding circumstances; and (3) the nature of the offense, including whether it is likely to occur at a specific time or is likely to be discovered immediately.”
New York State legislators presumably were aware of judicial precedent and constitutional protections, and of the need to draft legislation which would not undermine fundamental notice requirements. No reasonable inference arises from the language of Penal Law § 130.75 that the Legislature intended to alter the considerations articulated in Morris (supra) when reviewing an indictment charging a course of sexual conduct crime.
Finally, with regard to the defendant’s claim that the allegations are too vague as to allow him to mount a defense, the court would note, parenthetically, that between the filing of this motion, and the completion of this written opinion, the court conducted the trial in this case. The jury acquitted the defendant. In seeking to accommodate the vagaries of a child’s memories, the differences in the way children recall events and articulate their recall, and the uniqueness of a child’s testimony *169 (child witnesses present special challenges for prosecutors and defenders) thereby increasing the ability of the State to adequately and fairly present a child’s story, the statute may also have the unintended consequence, apparently, of weakening the People’s case. While it is true that the breadth of the statute diminishes the viability of an alibi defense, it is also true that it enhances a variety of other defenses (the array of which is as varied in number and nature as there are different defendants and circumstances) not the least of which is the essential and ubiquitous defense of disbelief of the complaining witness as a result of impeachment during cross-examination. Thus is belied, both legally and practically, the defendant’s claim that he is denied an opportunity to make a defense.
For the foregoing reasons the defendant’s motion to dismiss must be, and hereby is, denied.

. Crepps (supra) held that a baker’s sale of four loaves of bread on one Sunday was contrary to the “Blue Laws” and constituted one continuing offense rather than four separate ones.

. This court notes there is no Federal constitutional right to a unanimous jury verdict. (Apodaca v Oregon, 406 US 404 [1972].)

. California Penal Code § 288.5:
“Continuous sexual abuse of a child
“(a) Any person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with a child under the age of 14 years at the time of the commission of the offense, as defined in subdivision (b) of Section 1203.066, or three or more acts of lewd or lascivious conduct under Section 288, with a child under the age of 14 years at the time of the commission of the offense is guilty of the offense of continuous sexual abuse of a child and shall be punished by imprisonment in the state prison for a term of 6, 12, or 16 years.
“(b) To convict under this section the trier of fact, if a jury, need unanimously agree only that the requisite number of acts occurred not on which acts constitute the requisite number.
“(c) No other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section unless the other charged offense occurred outside the time period charged under this section or the other offense is charged in the alternative. A defendant may be charged with only one count under this section unless more than one victim is involved in which case a separate count may be charged for each victim.”

. Actus reus: “A wrongful deed which renders the actor criminally liable if combined with mens rea; a guilty mind.” (Black’s Law Dictionary 34 [5th ed 1979].)

. This court notes Wisconsin Statutes Annotated § 948.025, enacted in 1994, contains similar language and was constitutionally upheld by the Wisconsin Court of Appeals in State v Molitor (210 Wis 2d 415, 565 NW2d 248 [1997] [discussed infra]). In addition, Arizona Revised Statutes Annotated § 13-1417 is a similar statute enacted in 1993, the constitutionality of which has yet to be challenged in the courts of that State.

. See, Mem of Assemblywoman Melinda Katz, 1996 NY Legis Ann, at 98-99; Governor’s Approval Mem, 1996 NY Legis Ann, at 99-101.

. California requires not less than three acts.