■ The People of the State of New York, Respondent, v Amid Snead, Appellant. [756 NYS2d 8] —Judgment, Supreme

Court, New York County (Edward McLaughlin, J., at suppression hearing; Daniel FitzGerald, J., at jury trial and sentence), rendered February 6, 2001, convicting defendant of endangering the welfare of a child, and sentencing him to a term of 10 months, unanimously affirmed.

The verdict was not against the weight of the evidence. Defendant's acquittals of various charges involving sexual contact do not warrant a different conclusion (*see People v Rayam*, 94 NY2d 557). Neither the prosecution's theory nor the court's final charge on endangering the welfare of a child was predicated on a "sexual contact" theory (*compare People v Crane*, 242 AD2d 783).

We reject defendant's claim that Penal Law § 260.10 (1), which provides that a person who "knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old" is guilty of endangering the welfare of a child, is unconstitutionally vague (*People v Bergerson*, 17 NY2d 398; *People v Prue*, 238 AD2d 944, *lv denied* 90 NY2d 896; *People v Padmore*, 221 AD2d 663, *lv denied* 87 NY2d 1023).

Defendant's suppression motion was properly denied. Defendant was not deprived of the right to counsel at the investigatory lineup conducted four hours after his arrest, following a court appearance on an unrelated misdemeanor case in which he was represented by assigned counsel. Contrary to defendant's contention, the right to counsel never attached since the attorney never indicated that he would represent defendant on the new case (*see People v Mitchell*, 299 AD2d 187; *People v Wilson*, 89 NY2d 754). In any event, even if we were to conclude that the right to counsel attached, we would find that the attorney received sufficient notice and a reasonable opportunity to attend the lineup (*see People v Sime*, 254 AD2d 183, *lv denied* 92 NY2d 1038).

We have considered and rejected defendant's remaining claims. Concur—Tom, J.P., Mazzarelli, Ellerin, Williams and Marlow, JJ.