*308 ANNETTE KINGSLAND ZIEGLER, J.
¶ 69. {concurring). I join the majority opinion and I agree with the majority that the court of appeals should be affirmed. I write separately because, unlike the majority, I would address, as did the court of appeals, whether Mary E-R. forfeited her constitutional challenge by failing to raise a timely objection in the circuit court. I conclude that Mary F.-R. did indeed forfeit her challenge by not raising it or preserving it at the circuit court.
¶ 70. Mary F.-R. argues that her facial challenge to the constitutionality of Wis. Stat. § 51.20(11) cannot be forfeited. The majority declines to address this issue by "assuming, without deciding" that the challenge was not forfeited. See majority op. ¶ 34. The majority then proceeds to address the merits of Mary F.-R.'s constitutional arguments.
¶ 71. "A statute enjoys a presumption of constitutionality." State v. Smith, 2010 WI 16, ¶ 8, 323 Wis. 2d 377, 780 N.W.2d 90; State v. Janssen, 219 Wis. 2d 362, 370, 580 N.W.2d 260 (1998). "To overcome that presumption, a party challenging a statute's constitutionality bears a heavy burden." Smith, 323 Wis. 2d 377, ¶ 8; State v. Cole, 2003 WI 112, ¶ 11, 264 Wis. 2d 520, 665 N.W.2d 328. The burden of proof is the highest in the law, as the challenging party must" 'prove that the statute is unconstitutional beyond a reasonable doubt.'" Smith, 323 Wis. 2d 377, ¶ 8 (quoting Cole, 264 Wis. 2d 520, ¶ 11). "This court has repeatedly held that it 'indulges every presumption to sustain the law if at all possible, and if any doubt exists about a statute's constitutionality, we must resolve that doubt in favor of constitutionality.'" Cole, 264 Wis. 2d 520, ¶ 11 (internal citation omitted). I join the majority opinion which discusses Mary F.-R.'s failure to meet this heavy burden.
*309 ¶ 72. "Normally this court will not address a constitutional issue if the case can be disposed of on other grounds." State v. Hale, 2005 WI 7, ¶ 42, 277 Wis. 2d 593, 691 N.W.2d 637 (citing Labor & Farm Party v. Elections Bd., 117 Wis. 2d 351, 354, 344 N.W.2d 177 (1984)); see also Kollasch v. Adamany, 104 Wis. 2d 552, 561, 313 N.W.2d 47 (1981). We at least in part granted the petition for review on the question of whether a facial challenge to the constitutionality of a statute can be forfeited. The issue was briefed and argued. I conclude that we should address the question.
¶ 73. Mary F.-R. attended the entire trial and was represented by able counsel. While she initially made a 12-person jury demand, Wis. Stat. § 51.20(11) calls for a civil six-person jury. The circuit court impaneled a six-person jury pursuant to the statute. No objection was made at the circuit court to that six-person jury. The jury did not decide the matter in Mary F.-R.'s favor. She would now like to have a new trial with a 12-person jury.
¶ 74. Generally, the party who wishes to raise an issue on appeal needs to first raise the issue before the circuit court. State v. Dowdy, 2012 WI 12, ¶ 5, 338 Wis. 2d 565, 808 N.W.2d 691 ("As a general rule, issues not raised in the circuit court will not be considered for the first time on appeal."). "It is a fundamental principle of appellate review that issues must be preserved at the circuit court. Issues that are not preserved at the circuit court, even alleged constitutional errors, generally will not be considered on appeal." State v. Huebner, 2000 WI 59, ¶ 10, 235 Wis. 2d 486, 611 N.W.2d 727 (holding that a defendant forfeited his right to challenge the six-person jury in his misdemeanor trial by failing to object at the circuit court level); State v. Caban, 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997)(holding that a defendant had forfeited his right to challenge the admissibility *310 of evidence against him by failing to object at the circuit court level). "Raising issues at the trial court level allows the trial court to correct or avoid the alleged error in the first place, eliminating the need for appeal. It also gives both parties and the trial judge notice of the issue and a fair opportunity to address the objection." Huebner, 235 Wis. 2d 486, ¶ 12; Caban, 210 Wis. 2d at 609. Here, Mary F.-R. failed to raise her objection with the circuit court, and so the forfeiture rule[1] would dispose of the case without subjecting Wis. Stat. § 51.20(11) to constitutional scrutiny.
¶ 75. Mary F.-R. argues that State v. Bush stands for the proposition that she did not forfeit her challenge. 2005 WI 103, 283 Wis. 2d 90, 699 N.W.2d 80. In Bush this court held that the challenge to the constitutionality of the statute could not be forfeited because at its heart it may implicate the subject matter jurisdiction of the court to hear the case in the first instance:
[W]hile an 'as applied' challenge to the constitutionality of a statute may be waived, a facial challenge is a matter of subject matter jurisdiction and cannot be waived. The logic behind this conclusion is entirely consistent with Article VII, Section 8 of the Wisconsin Constitution. Article VII, Section 8 states that '[ejxcept as otherwise provided by law,' circuit courts have original jurisdiction 'in all matters civil and criminal.' If a statute is unconstitutional on its face, any action premised upon that statute fails to present any civil or criminal matter in the first instance.
283 Wis. 2d 90, ¶ 17 (internal citations omitted).
*311 ¶ 76. Mary F.-R. takes this language from Bush to mean that it is impossible to forfeit a facial challenge to a statute. However, Bush does not stand for the proposition that every facial challenge to any one procedural statute necessarily impacts the subject matter jurisdiction of the court. In fact, Bush challenged the constitutionality of the entirety of Chapter 980, not just a procedural provision of that chapter. Specifically, Bush argued that the State lacked the authority to commit him in the first instance under Chapter 980 as a "sexually violent person." By contrast, Mary F.-R.'s challenge is not that she cannot be committed under Chapter 51. Rather, she argues that she was entitled to a jury of 12 instead of a jury of six and that she had no duty to object at the circuit court level.[2] Her challenge, however, is to a procedural provision of Chapter 51, not to substantive statutes controlling commitment under Chapter 51 as a whole.
¶ 77. I write separately because Mary F.-R. has forfeited the right to challenge her six-person jury. Unlike Bush, even if Mary F.-R. were to prevail and the jury provision were held to be unconstitutional, Milwaukee County would not be barred from pursuing her commitment. Instead, the county would be required to retry her commitment, contrary to statute, with a then 12-person jury. Fundamentally, Mary F.-R. never ob *312 jected to the six-person jury until appeal. I conclude that Mary E-R.'s failure to object to a six-person jury at the circuit court level was a forfeiture of her right to challenge the constitutionality of Wis. Stat. § 51.20(11).
¶ 78. For the foregoing reasons I concur.
¶ 79. I am authorized to state that Justices PATIENCE DRAKE ROGGENSACK and MICHAEL J. GABLEMAN join this concurrence.

 As the majority points out, State v. Bush, 2005 WI 103, 283 Wis. 2d 90, 699 N.W.2d 80, predates this court's clarification of the usage of forfeiture and waiver. See majority op., ¶ 31 n.21; State v. Ndina, 2009 WI 21, ¶ 29, 315 Wis. 2d 653, 761 N.W.2d 612. The usage in Bush is properly expressed using the term "forfeiture."

 It is noteworthy that, in each of the cases cited by Mary F.-R., the constitutional challenges were first raised in the circuit court. See, e.g., Bush, 283 Wis. 2d 90, ¶ 11; State v. Trochinski, 2002 WI 56, ¶ 7, 253 Wis. 2d 38, 644 N.W.2d 891; State v. Cole, 2003 WI 112, ¶ 2, 264 Wis. 2d 520, 665 N.W.2d 328; State v. Molitor, 210 Wis. 2d 415, 418, 565 N.W.2d 248 (Ct. App. 1997); State ex rel. Skinkis v. Treffert, 90 Wis. 2d 528, 530, 280 N.W.2d 316 (Ct. App. 1979).