People v McMullan (2019 NY Slip Op 01488)





People v McMullan


2019 NY Slip Op 01488


Decided on February 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2019

Friedman, J.P., Kapnick, Webber, Oing, Singh, JJ.


8540 5023/15

[*1]The People of the State of New York, Respondent,
v
Patrick McMullan, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Allison Haupt of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered June 15, 2017, convicting defendant, after a jury trial, of assault in the third degree, and endangering the welfare of a child, and sentencing him to concurrent sentences of one year and time served, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50(5).
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence warranted the inference that the victim's injuries went beyond mere "petty slaps, shoves, kicks and the like" (Matter of Philip A., 49 NY2d 198, 200 [1980]), and that they caused "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]; see also People v Guidice, 83 NY2d 630, 636 [1994]). Defendant's acquittal of another charge does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]). The evidence also established the elements of endangering the welfare of a child, including knowledge. Penal Law § 260.10(1) is not unconstitutionally vague, either on its face, or as applied to defendant (see People v Snead, 302 AD2d 268, 269 [1st Dept 2003]; see also People v Stuart, 100 NY2d 412, 420 [2003]).
In this domestic violence case, the court providently exercised its discretion in admitting evidence, limited to only one of several incidents, of defendant's past abuse of the victim. This background information was highly relevant to particular issues raised by defendant at trial, including the victim's failure to call the police, and the uncharged incident tended to place the events in question in a believable context (see People v Leeson, 12 NY3d 823, 827 [2009]; People v Dorm, 12 NY3d 16, 19 [2009]; People v Steinberg, 170 AD2d 50, 72-74 [1st Dept 1991], affd 79 NY2d 673 [1992]). The probative value of this evidence exceeded any prejudicial effect, which was minimized by the court's instructions.
Defendant did not preserve his claim that photographs and medical records related to the earlier, dismissed case should have been excluded as having been obtained in violation of the [*2]sealing requirements of CPL 160.50, and we decline to review it in the interest of justice.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 28, 2019
CLERK