The People of the State of New York, Respondent,
against
Allison Cortland, Appellant. 




Law Office of Anthony Giordano (Anthony M. Giordano of counsel), for appellant.
Westchester County District Attorney (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Yorktown, Westchester County (Gary J. Raniolo, J.), rendered June 28, 2018. The judgment convicted defendant, after a nonjury trial, of endangering the welfare of a child, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
On November 19, 2017, defendant was charged with endangering the welfare of a child (Penal Law § 260.10 [1]). After a nonjury trial, defendant was convicted as charged.
As defendant failed to timely move to dismiss the accusatory instrument, she waived her contention that the misdemeanor information is facially insufficient for containing hearsay defects (see People v Keizer, 100 NY2d 114, 121 [2003]; People v Casey, 95 NY2d 354, 363 [2000]; People v James, 49 Misc 3d 154[A], 2015 NY Slip Op 51791[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). In any event, the misdemeanor information is facially sufficient (see People v Fibble, 49 Misc 3d 1220[A], 2015 NY Slip Op 51822[U] [Crim Ct, Kings County 2015]; People v Gulab, 23 Misc 3d 1123[A], 2009 NY Slip Op 50901[U] [Crim Ct, Queens County 2009]; People v Fraser, 21 Misc 3d 1128[A], 2008 NY Slip Op 52263[U] [Crim Ct, Kings County 2008]).
Defendant's contention that Penal Law § 260.10 (1) is unconstitutionally vague on its face and as applied is unpreserved for appellate review (see People v Oliver, 63 NY2d 973, 975 [1984]; People v Brown, 64 AD3d 611 [2009]). Furthermore, defendant's constitutional challenges are not properly before this court because the Attorney General must first be, and was not, provided with notice of those challenges (see CPLR 1012 [b] [2]; Executive Law § 71 [3]). In any event, Penal Law § 260.10 (1) is not unconstitutionally vague, either on its face or as applied to defendant (see People v McMullan, 169 AD3d 608 [2019]; People v Snead, 302 AD2d 268 [2003]; People v Prue, [*2]238 AD2d 944 [1997]).
Defendant's contention that her conviction should be reversed on the ground that the evidence at trial varied from the People's theory as presented in the accusatory instrument is unpreserved for appellate review (see CPL 470.05 [2]). In any event, defendant's contention is without merit. The theory of, and the evidence adduced on, the People's case were not at variance with the allegations of the accusatory instrument and the supporting deposition. Consequently, defendant had "fair notice of what the People would attempt to prove" at trial (People v Grega, 72 NY2d 489, 496 [1988]; see People v Martin, 46 Misc 3d 143[A], 2015 NY Slip Op 50183[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
To the extent that defendant now contends that the evidence of guilt was legally insufficient to support the verdict, such contention is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trier of fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict is not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contrary to defendant's contentions, the delay between the end of the trial and the verdict was not unreasonable (see CPL 350.10 [3] [d]; People v Scott, 61 Misc 3d 129[A], 2018 NY Slip Op 51390[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]), and she was not denied the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]).
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2020