People v Oliveros (2020 NY Slip Op 51161(U))

[*1]

People v Oliveros (Forrest)

2020 NY Slip Op 51161(U) [69 Misc 3d 130(A)]

Decided on October 5, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 5, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570181/17

 The People of the State of New York,
Respondent,
against
Forrest Oliveros, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Gerianne Abriano, J.), rendered March 8, 2017, convicting him, upon his plea of
guilty, of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Gerianne Abriano, J.), rendered March 8, 2017, affirmed.
The superseding information charging criminal trespass in the second degree (see
Penal Law § 140.15[1]) was jurisdictionally valid because it contained "nonconclusory
factual allegations that, if assumed to be true, address[ed] each element of the crime charged,
thereby affording reasonable cause to believe that defendant committed that offense" (People v Middleton, 35 NY3d 952,
954 [2020], quoting People v Matthew
P., 26 NY3d 332, 335—336 [2015]). The information recited that, while
complainant was out of state, defendant obtained the key to complainant's "locked hotel/dorm
room" located at 244 West 99th Street from the hotel's front desk and then entered and invited
others into the hotel/dorm room without "permission or authority to enter or remain" from
complainant, the "custodian" of the room. These allegations were sufficient for pleading purposes
to establish that defendant knowingly entered or remained unlawfully in complainant's room
when he was not licensed or privileged to do so (see Penal Law § 140.00[5];
People v Graves, 76 NY2d 16, 20 [1990]; People v Leonardo, 59 Misc 3d 137[A], 2018 NY Slip Op
50561[U] [App Term, 1st Dept 2018], lv denied 31 NY3d 1150 [2018]).
We also reject defendant's contention that the instrument fails to provide sufficient
notification of the dates of the alleged offenses. Giving the instrument "a fair and not overly
restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find "as
a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]), that the instrument
sufficiently alleges that the trespass occurred "on multiple occasions" between "May 26, 2016
and June 19, 2016" while complainant "was out of state on a school break," a period not so
lengthy that it was impossible for defendant to answer the charges and to prepare an adequate
[*2]defense (see People v Morris, 61 NY2d 290, 295-296
[1984]). THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 5, 2020