People v Gatto (2021 NY Slip Op 50428(U))

[*1]

People v Gatto (Pamela)

2021 NY Slip Op 50428(U) [71 Misc 3d 136(A)]

Decided on May 14, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 14, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Higgitt, J.P., Brigantti, Hagler, JJ.

570571/19

People of the State of New York,
Respondent, 
against
Pamela Gatto, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Laurie Peterson, J.), rendered December 19, 2018, convicting her, upon her plea of
guilty, of criminal trespass in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Laurie Peterson, J.), rendered December 19, 2018, affirmed.
In view of defendant's knowing waiver of the right to prosecution by information, the
accusatory instrument only had to satisfy the reasonable cause requirement of a misdemeanor
complaint (see People v Dumay, 23
NY3d 518, 522 [2014]). So viewed, theinstrument was jurisdictionally valid because it
described facts of an evidentiary nature establishing reasonable cause to believe that defendant
was guilty of criminal trespass in the second degree (see Penal Law § 140.15[1]).
The instrument recited that at 9:18 a.m. on November 27, 2018, defendant entered complainant's
room at a specified location, while complainant was "not in the room" and without complainant's
"permission or authority to enter." These allegations were sufficient for pleading purposes to
establish that defendant knowingly entered or remained unlawfully in complainant's room when
she was not licensed or privileged to do so (see Penal Law § 140.00[5]; People v
Graves, 76 NY2d 16, 20 [1990]; People v Oliveros, 69 Misc 3d 130[A] [2020]; 2020 NY Slip Op
51161[U] [App Term, 1st Dept 2020]).
Defendant's challenge to the legal sufficiency of the burglary charge contained in the felony
complaint, which the court dismissed as part of defendant's plea, is unavailing, since defendant is
not aggrieved by alleged defects in felony charges that were dismissed on the People's motion as
part of the plea (see CPL 470.15[1]; People v Ruiz, 146 AD3d 417 [2017], lv denied 28 NY3d
1188 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: May 14, 2021